# United States Court of Appeals
## For the First Circuit

No. 07-1958

VICTOR BELTRE-VELOZ,

Petitioner,

v.

MICHAEL B. MUKASEY, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF THE BOARD
OF IMMIGRATION APPEALS

Before

Torruella, Circuit Judge,
Selya, Senior Circuit Judge,
and Howard, Circuit Judge.

Jorge Guttlein and Guttlein & Associates on brief for
petitioner.
Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil
Division, Carl H. McIntyre, Jr., Assistant Director, Office of
Immigration Litigation, and Gary J. Newkirk, Trial Attorney, Office
of Immigration Litigation, on brief for respondent.

July 9, 2008

**SELYA**, **Senior Circuit Judge**.  The petitioner, Victor Beltre-Veloz, claims that the Board of Immigration Appeals (BIA) abused its discretion by denying his motion to reopen a removal proceeding.  He claims that the motion should have been allowed because (i) he had received ineffective assistance of counsel, culminating in an in absentia order of removal; and (ii) he had advanced valid grounds for tolling the time limit that ordinarily applies to the filing of a motion to reopen.  We find these claims unpersuasive and, therefore, deny relief.

The facts are straightforward.  Beltre-Veloz, a native and citizen of the Dominican Republic, entered Puerto Rico without inspection on or about January 20, 1993.  Some two and one-half years later, he was apprehended attempting to board a commercial flight to the continental United States.  The Immigration and Naturalization Service (INS) proceeded to issue a show-cause order as a means of testing his immigration status.[1]

The INS subsequently rescinded this order to enable the petitioner to testify as a material witness in an ongoing criminal case.  As part of the cooperation agreement, the agency arranged for the petitioner's release on personal recognizance and provided him with an employment authorization document.  That document, by its terms, expired on June 21, 1996.

---

[1]On March 1, 2003, the relevant functions of the INS were transferred to the Department of Homeland Security.  For ease in exposition, we refer throughout this opinion to the INS.

At some point prior to the expiration of the work authorization, the petitioner flew to New York without either informing the INS or securing its approval. His immigration file showed a Puerto Rico address as his residence in the United States, and he never amended that filing even though applicable regulations require such notification within five days of any change in address. See 8 C.F.R. § 1003.15(d)(2).

The petitioner's immigration file also reflected that he was represented by a lawyer based in Puerto Rico, Rosaura González-Rucci. On September 4, 1996, the INS served both the petitioner and his attorney with a new show-cause order. The order posited that the petitioner was removable as an alien present in the United States without having been lawfully admitted or paroled. See 8 U.S.C. § 1182(a)(6)(A)(i). The INS thereafter issued a superseding notice to appear,[2] sending copies by certified mail to González-Rucci and to the petitioner's address of record (an address at which his spouse still resided).

The notice to appear did not specify a hearing date. To fill that lacuna, the immigration court scheduled a hearing for October 7, 1997. The hearing notice was mailed to the petitioner's

_____

[2]Effective April 1, 1997, deportation proceedings were to be initiated by the issuance of a notice to appear instead of a show-cause order. Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104, § 304(a), 110 Stat. 3009-546, -587; see also Peralta v. Gonzales, 441 F.3d 23, 26 n.4 (1st Cir. 2006).

attorney, see 8 C.F.R. § 1003.13 (specifying that notices may be sent to the alien's attorney of record), as well as to the petitioner's address of record.

The petitioner and his counsel appeared for the October 7 session. Thereafter, the immigration judge (IJ) issued a notice for a resumed hearing to be held on January 8, 1998. As provided by the regulations, see id., the court mailed the notice to González-Rucci as the petitioner's attorney of record.

The lawyer attended the January 8 hearing but the petitioner did not. The IJ ordered the petitioner's removal in absentia. No appeal was taken from that order.

Eight years passed before the petitioner resurfaced. On July 31, 2006, the petitioner moved through new counsel to reopen the removal proceeding. The motion broadly alleged ineffective assistance of counsel. It asserted among other things that the petitioner's former lawyer (González-Rucci) had failed to advise him of the hearing scheduled for January 8, 1998. The motion was accompanied by an affidavit, signed by the petitioner, attesting to the truth of the skeletal facts set forth in the motion papers.

Annexed to the motion was a copy of a letter, dated June 30, 2006, from the petitioner to the United States District Court

for the District of Puerto Rico.  That missive sought to initiate disciplinary proceedings against González-Rucci.[3]

On August 23, 2006, the IJ denied the motion to reopen, noting that González-Rucci had been present at the January 8 hearing and had insisted that she mailed a copy of the hearing notice to the petitioner.  Going a step further, the IJ observed that, in all events, the petitioner's ineffective assistance claim did not comply with the procedural requirements for the maintenance of such a claim.  See Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988).

The BIA affirmed the IJ's denial of the motion to reopen. It concluded that the petitioner not only had failed to satisfy the Lozada requirements but also that his lackadaisical conduct foreclosed any tolling of the prescribed 180-day deadline for filing motions to reopen.  See 8 C.F.R. §§ 1003.23(b)(4)(ii)-(iii).

This timely petition for judicial review followed.  In it, the petitioner contends that he substantially complied with the Lozada requirements and, furthermore, that he acted with sufficient diligence to warrant tolling the 180-day filing period.

Motions to reopen removal proceedings are disfavored because, as a general matter, such motions are at odds with "the

---

[3]The record contains a subsequent letter, dated September 19, 2006, from the United States District Court to the petitioner. That letter states in pertinent part that González-Rucci was not admitted to practice there.

compelling public interests in finality and the expeditious processing of proceedings." Guerrero-Santana v. Gonzales, 499 F.3d 90, 92 (1st Cir. 2007). Accordingly, we cede substantial deference to the BIA's judgment and review refusals to reopen under a deferential abuse-of-discretion standard. Raza v. Gonzales, 484 F.3d 125, 127 (1st Cir. 2007). Applying that standard, we will uphold a denial of a motion to reopen unless we conclude that the BIA either committed a material error of law or exercised its authority in an arbitrary, capricious, or irrational manner. Guerrero-Santana, 499 F.3d at 92; Raza, 484 F.3d at 127.

Appellate review in this esoteric corner of the law plays out against a well-defined statutory and regulatory mosaic. As part of this mosaic, a motion to reopen an in absentia removal order must be proffered within 180 days of the entry of the challenged order unless the alien's absence from the hearing was due to "exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(I). Ineffective assistance of counsel can qualify as an exceptional circumstance. See Asaba v. Ashcroft, 377 F.3d 9, 11 (1st Cir. 2004); Saakian v. INS, 252 F.3d 21, 25 (1st Cir. 2001).

Seizing on this line of authority, the petitioner argues that ineffective assistance of counsel caused his absence from the January 8, 1998 hearing and, consequently, produced the in absentia removal order. He claims that the lack of communication similarly accounted for the belated filing of his motion to reopen.

We can make short shrift of this asseverational array. The BIA, in Lozada, 19 I. & N. Dec. at 639, erected a framework for the adjudication of ineffective assistance of counsel claims. That framework, which we have approved, see Lozada v. INS, 857 F.2d 10, 13 (1st Cir. 1988), is designed to screen out frivolous, stale, and collusive claims. See Tai v. Gonzales, 423 F.3d 1, 5 (1st Cir. 2005); Betouche v. Ashcroft, 357 F.3d 147, 150 (1st Cir. 2004). The framework includes a number of specific elements, which we enumerate below.

An alien seeking to reopen a removal proceeding on the ground of ineffective assistance of counsel must submit (i) an affidavit setting forth in reasonable detail the nature and scope of the engagement that counsel undertook; (ii) an account of how counsel mishandled those undertakings; (iii) evidence that the lawyer has been informed of the allegations against her and afforded an opportunity to respond; and (iv) evidence that the alien has either filed a complaint with the appropriate disciplinary authority or possesses a legitimate excuse for not doing so. See, e.g., Betouche, 357 F.3d at 149; Lozada, 19 I. & N. Dec. at 639.

The record here is pellucid that the petitioner did not touch these bases. For one thing, there is no evidence that he notified González-Rucci of the allegations against her. The fact that the petitioner claims conclusorily in his brief that "every

-7-

effort was made to find prior counsel" does not cure this infirmity. The claim is unsupported; no details are supplied and the record is entirely barren of any evidence relating to what efforts were made. To cinch matters, we long have recognized that a party's factual allegations in a legal memorandum do not constitute evidence, nor do they establish material facts. See Jupiter v. Ashcroft, 396 F.3d 487, 491 (1st Cir. 2005); see also 8 C.F.R. § 1003.23(b)(3) (providing that motions to reopen "shall be supported by affidavits and other evidentiary material"). We conclude, therefore, that the BIA acted within the encincture of its discretion in denying the motion to reopen on this ground alone. See, e.g., Asaba, 377 F.3d at 12.

If more were needed — and we doubt that it is — the record does not establish the petitioner's compliance with the other prerequisites for an ineffective assistance claim. For example, while the petitioner served an affidavit together with his motion to reopen, that document makes no mention of the nature, scope, or substance of the petitioner's arrangement with González-Rucci, nor does it indicate what communications the petitioner had with the attorney over the years. This, in itself, is a fatal flaw. See Ruiz-Martínez v. Mukasey, 516 F.3d 102, 121 (2d Cir. 2008) (affirming denial of motion to reopen where affidavit failed to "set forth [the petitioner's] agreement with his prior attorneys

-8-

concerning what actions would be taken or what they did or did not represent in this regard").

Then, too, the petitioner never registered a meaningful complaint about his former counsel. Although he wrote a letter seeking the initiation of disciplinary proceedings against her, he directed the missive to the wrong court — a court that had no authority over the lawyer. See supra note 3. Making a complaint to a body that is powerless to address it is the same as making no complaint at all. That is particularly true where, as here, the misdirection is unexplained.

The petitioner labors to excuse this massive shortfall by styling his efforts as "substantial compliance." There are two principal difficulties with the petitioner's invocation of this euphemism. First, it defies both ordinary meaning and common sense to term either the petitioner's largely unknown efforts or his woefully deficient proffer "substantial." Second, no claim of substantial compliance was ever presented to the BIA. That is game, set, and match: it is settled law that theories not raised before the BIA cannot be broached for the first time before this court. See Molina de Massenet v. Gonzales, 485 F.3d 661, 664 (1st Cir. 2007); Aguilar v. Gonzales, 475 F.3d 415, 418 (1st Cir. 2007).

With no founded claim of exceptional circumstances, the petitioner's last hope is a freestyle claim of equitable tolling. Passing the question of whether such an argument is cognizable at

all — a matter on which we take no view — the facts of this case furnish no traction for such an argument. We explain briefly.

It cannot be gainsaid that due diligence is a sine qua non for equitable tolling. See Guerrero-Santana, 499 F.3d at 94. Here, however, even accepting as true the petitioner's unsubstantiated allegation that his attorney failed to notify him of the scheduled January 8 hearing, due diligence is lacking. The critical datum is that the petitioner waited eight years before inquiring into his immigration status, despite knowing both that removal proceedings had commenced and that his work permit had expired. That inordinate period of delay belies any serious assertion of due diligence. So, we cannot fault the BIA for determining that the petitioner's protracted disregard of his immigration obligations pretermitted any claim for equitable tolling. See Mahmood v. Gonzales, 427 F.3d 248, 252 (3d Cir. 2005) (finding a lack of due diligence in light of petitioner's failure to inquire about the status of his immigration case).

We need go no further. For the reasons elucidated above, we hold that the BIA did not abuse its discretion in refusing to grant the petitioner's untimely motion to reopen.

**The petition for judicial review is denied**.