

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-3-2009

# Zou v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1200

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Zou v. Atty Gen USA" (2009). *2009 Decisions*. Paper 1788.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1788

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 08-1200 & 08-2010

———————

DONG ZOU,
                          Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                              Respondent


———————

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A73-160-704
(U.S. Immigration Judge:  Honorable Alberto J. Riefkohl)

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 25, 2009

Before:  SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges.

(Filed: March 3, 2009)

———————

OPINION OF THE COURT

———————


PER CURIAM.

        Dong Zou, a native and citizen of China, entered the United States in October

1992.  He was charged as being removable pursuant to Immigration and Nationality Act

("INA") § 212(a)(6)(A)(i) [8 U.S.C. § 1182(a)(6)(A)(i)], based on his entry into this country without being admitted or paroled. Zou applied for asylum and withholding of removal, claiming that Chinese birth control officials forced his wife to have an abortion. The Immigration Judge ("IJ") denied relief because of discrepancies between Zou's testimony, his asylum application, and answers provided at his asylum interview. Zou filed a counseled notice of appeal to the Board of Immigration Appeals ("BIA") in July 1999. The BIA dismissed the appeal on May 17, 2002. Zou claims that he did not learn of the BIA's decision until October 2007, when the Department of Homeland Security ("DHS") apprehended him.

Zou filed a motion to reopen with the BIA in November 2007, alleging that his former attorney failed to notify him of the BIA's May 17, 2002 decision. The BIA denied the motion, finding that it was untimely and that Zou did not act diligently in bringing his ineffective assistance of counsel claim. The Board also rejected Zou's request for protection under the United Nations Convention Against Torture ("CAT"), concluding that he failed to provide evidence of potential torture or changed circumstances in China. Zou timely filed a petition for review. (C.A. No. 08-1200).

Meanwhile, Zou filed a motion to reopen and motion to reconsider, challenging the BIA's determination that he did not act diligently in bringing his ineffectiveness claim. The Board denied the motions on March 24, 2008, holding that the evidence on which Zou relied could have been presented in his previous motion to reopen and that he failed

2

to identify any error in the order denying the prior motion to reopen. Zou filed another petition for review. (C.A. No. 08-2010).

We have jurisdiction to review the BIA's denial of reopening under INA § 242 [8 U.S.C. § 1252].[1] See Shardar v. Att'y Gen., 503 F.3d 308, 311 (3d Cir. 2007). We review the BIA's rulings for abuse of discretion, and may reverse only if they were "arbitrary, irrational, or contrary to law." Id. (citation omitted).

The BIA properly found that Zou's first motion to reopen was untimely filed. Under the regulations, a motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). Zou's first motion to reopen was filed in November 2007, well more than 90 days after the BIA rendered a final removal order in May 2002.

The deadline for filing a motion to reopen may be equitably tolled by an ineffective assistance of counsel claim. See Borges v. Gonzales, 402 F.3d 398, 407 (3d Cir. 2005). We have explained, however, that "[e]quitable tolling is an extraordinary remedy which should be extended only sparingly." Mahmood v. Gonzales, 427 F.3d 248, 253 (3d Cir. 2005). A petitioner who seeks to equitably toll the limitations period on

---

[1] Because Zou has not challenged the BIA's denial of reopening to apply for CAT protection or its denial of the motion for reconsideration, he has waived those issues on appeal. See Lie v. Ashcroft, 396 F.3d 530, 532 n.1 (3d Cir. 2005).

3

filing a motion to reopen must exercise due diligence in pursuing the case. See id. at 252-53.

In this case, Zou alleged that his attorney was ineffective for failing to notify him of the final removal order issued in May 2002. Zou claims that he acted diligently in bringing this claim because he filed his first motion to reopen "only about five weeks after . . . he had learned, for the first time, of the dismissal of his appeal." But "an alien is required to exercise due diligence both before *and* after he has or should have discovered ineffective assistance of counsel." Rashid v. Mukasey, 533 F.3d 127, 132 (2d Cir. 2008); Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002) (explaining that a petitioner must "exercise reasonable diligence in investigating and bringing the claim.") (quoting Miller v. New Jersey Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998)). Zou provided no evidence in his first motion to reopen that he "took any steps to inquire about the status of his case" in the 5½ years between the BIA's May 2002 decision and his arrest by DHS officers in October 2007. Mahmood, 427 F.3d at 252 (concluding that equitable tolling was not warranted where petitioner did not check on his case status during eighteen months between denial of motion to reopen – which petitioner claimed he was unaware of – and receipt of "bag and baggage" letter); see also Beltre-Veloz v. Mukasey, 533 F.3d 7, 11 (1st Cir. 2008) (reasoning that alien's failure to exercise due diligence in not inquiring about immigration status for eight years despite knowing that removal proceedings had commenced precluded equitable tolling). Therefore, the BIA did not abuse its discretion in denying Zou's first motion to reopen.

4

In his second motion to reopen, Zou provided evidence which he claimed demonstrated his diligence. For instance, he submitted a personal affidavit describing his contacts with his previous attorney. Zou claimed that he saw his previous attorney at least once a week from 1999 to 2000, when the attorney came to a restaurant where Zou worked and which was owned by Zou's cousin. Zou also averred that he asked his attorney for a copy of his file in 2000 and 2002, and notified the attorney of his new address in December 2000, around the time he stopped working in the restaurant. Zou stated that his attorney never advised him of the BIA's decision. Zou's cousin provided an affidavit suggesting that he continued to regularly see the attorney at the restaurant until 2003, but that the attorney likewise never informed him that the BIA had dismissed Zou's appeal. Zou's present counsel also provided an affidavit claiming that the file he obtained from Zou's previous attorney did not contain a copy of the BIA's May 2002 decision or any indication that Zou had been notified about it.

The BIA denied the second motion to reopen because the affidavits constituted evidence that was previously available and should have been submitted with Zou's first motion to reopen. Zou argues that the affidavits were not previously available because they were created after the BIA denied the first motion to reopen. This claim is without merit. The relevant inquiry is whether the information contained in the affidavits could have been presented with the first motion. See 8 C.F.R. § 1003.2(c)(1) (providing that "[a] motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been

5

discovered or presented at the former hearing."). Here, all of the events described in the affidavits occurred well before Zou first moved to reopen the proceedings. Zou also claims that he did not need to demonstrate diligence in his first motion to reopen, and that the second motion was "simply a response to the BIA's newly minted test for diligence." When Zou filed his first motion to reopen in 2007, however, it was well settled that a petitioner seeking equitable tolling must exercise due diligence in pursuing the case. See Mahmood, 427 F.3d at 252-53. Finally, Zou suggests that he was not required to demonstrate that the affidavits were previously unavailable because his second motion to reopen "was part and parcel of the first motion to reopen in content." We disagree. Zou has provided no authority indicating that a subsequent motion to reopen can relate back to the original motion in order to defeat the requirements of § 1003.2(c). Thus, the BIA did not abuse its discretion in denying Zou's second motion to reopen.

For the foregoing reasons, we will deny the petitions for review.