# United States Court of Appeals
## For the First Circuit

No. 13-1311

FEN TJONG LIE,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Lynch, Chief Judge,
Lipez and Howard, Circuit Judges.

Thomas V. Massucci on brief for petitioner.
Virginia Lum, Office of Immigration Litigation, Civil Division, Department of Justice, Stuart F. Delery, Acting Assistant Attorney General, Civil Division, and Nancy Friedman, Senior Litigation Counsel, Office of Immigration Litigation, on brief for respondent.

September 4, 2013

**LYNCH, Chief Judge.** Fen Tjong Lie, a Christian and ethnic-Chinese native and citizen of Indonesia, petitions for judicial review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen removal proceedings on the basis of changed country circumstances. Because the BIA did not abuse its discretion in denying Lie's motion, we deny his petition for review.

## I. Background

On February 10, 2004, Lie was charged with removability as a noncitizen who overstayed his visa. He conceded removability but applied for asylum and withholding of removal. On December 11, 2006, an Immigration Judge (IJ) denied Lie's applications and ordered him removed. Lie appealed to the BIA, which on December 11, 2008 remanded for further consideration of Lie's claim that, if removed, he would face persecution as a Christian and ethnic-Chinese Indonesian.

After a hearing addressing this claim, the IJ on April 7, 2011 again denied the applications for relief and ordered Lie removed. Lie again appealed to the BIA, which on July 13, 2012 dismissed the appeal, agreeing with the IJ that Lie had failed to show a pattern or practice of persecution. Lie did not petition for judicial review of that dismissal.

Instead, Lie filed a motion to reconsider, which the BIA denied on October 15, 2012. Lie did not petition for judicial

-2-

review of this denial either, but rather filed what the parties agree was an untimely motion to reopen removal proceedings on the basis of changed conditions in Indonesia. On February 8, 2013, the BIA denied that motion, and this petition for review followed.

## II. Discussion

The BIA's denial of Lie's motion to reopen rests on two independent conclusions. The first is that Lie failed to submit the type of evidence of changed country circumstances that would, under 8 C.F.R. § 1003.2(c)(3)(ii), excuse his motion's untimeliness. The second is that Lie failed to demonstrate the type of exceptional situation that would warrant exercising the BIA's discretion to reopen proceedings sua sponte. Lie does not appear to challenge the second conclusion, and, even if he did, we would lack jurisdiction to review it. E.g., Peralta v. Holder, 567 F.3d 31, 34 (1st Cir. 2009). The first conclusion is reviewed for abuse of discretion. E.g., Beltre-Veloz v. Mukasey, 533 F.3d 7, 9 (1st Cir. 2008).

Lie argues that the first conclusion constituted an abuse of discretion because it was cursory. Specifically, Lie questions the BIA's statement that he failed to submit "persuasive, material evidence of changed conditions in Indonesia." According to Lie, it was "tautological (and therefore superfluous, if not meaningless)" for the BIA to explain its decision by referring to a lack of persuasive evidence. Lie says the evidence he submitted in support

-3-

of his motion was material, so he is puzzled at how the BIA could have found otherwise.  We disagree with Lie's characterization. The BIA's decision was concise, but that does not make it cursory. After making the statement quoted above, the BIA went on to address the evidence that Lie argues supported his motion.

That evidence consisted of an affidavit by Jeffrey A. Winters, Ph.D., a professor in Northwestern University's Political Science Department who specializes in comparative and international political economy, labor, and human rights in Indonesia.  Lie claims the Winters affidavit demonstrates that persecution of Christian and ethnic-Chinese Indonesians increased between his January 2011 remand hearing and his December 2012 motion to reopen. The BIA determined that the Winters affidavit largely discussed conditions that prevailed in Indonesia prior to Lie's remand hearing, and thus did not constitute evidence that was unavailable at the time of that hearing, as required by 8 C.F.R. § 1003.2(c)(3)(ii) to excuse an untimely motion.[1]  We cannot conclude that this determination constituted an abuse of discretion.  The Winters affidavit's findings are primarily based on events that occurred before 2011.  And the few sources on which

---

[1] Lie argues that the Winters affidavit was "unavailable" prior to its execution in December 2012.  The regulation's exception for untimely motions in the event of previously unavailable evidence was not meant to extend to cases like this one, where evidence the BIA found to be previously available is simply newly packaged.

the Winters affidavit relies to portray circumstances during the relevant period of 2011-2012 do not support the proposition that circumstances have changed. Rather, they show the persistence of negative conditions for Christian and ethnic-Chinese Indonesians.

We find it notable, though not necessary to our disposition of this case, that the Third Circuit has denied petitions for review in at least two cases where this same expert was used to establish the existence of persecution of Christian and ethnic-Chinese Indonesians. In Soetiono v. Attorney General of United States, "the BIA concluded that the U.S. Department of State country reports--as opposed to the testimony of Dr. Winters-- constitute the best evidence of current conditions of Indonesia, and that those reports do not make for a record demonstrating persecution that is sufficiently systemic, pervasive, or organized so as to constitute a pattern or practice of persecution." 431 F. App'x 150, 153-54 (3d Cir. 2011) (internal quotation marks omitted). Said the Third Circuit, "we can find no reversible error with respect to the BIA's decision in this regard as we have previously stated that 'Country reports . . . are the most appropriate and perhaps the best resource for information on political situations in foreign nations.'" Id. at 156 (alteration in original) (quoting Zubeda v. Ashcroft, 333 F.3d 463, 477-78 (3d Cir. 2003)). And in Tanzil v. Attorney General of United States, the Third Circuit labeled Dr. Winters's testimony about changed

circumstances in Indonesia "inconclusive," and held that the BIA did not abuse its discretion in declining to reopen proceedings based on the evidence.  426 F. App'x 104, 108 (3d Cir. 2011).

### III.  Conclusion

For the reasons stated above, Lie's petition for review is DENIED.