# United States Court of Appeals
## For the First Circuit

No. 13-1463

DAVID EDISON SIMARMATA,

Petitioner,

v.

ERIC H. HOLDER, JR., United States Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Chief Judge,
Howard and Thompson, Circuit Judges.

Thomas V. Massucci on brief for petitioner.
Jeffrey R. Meyer, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Stuart F. Delery, Assistant Attorney General, and Stephen J. Flynn, Assistant Director, on brief for respondent.

May 12, 2014

**LYNCH, Chief Judge**. David Edison Simarmata, a Christian native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals (BIA) denying his untimely motion to reopen removal proceedings on the basis of changed country circumstances. The BIA did not abuse its discretion in denying Simarmata's motion, and so we deny his petition for review.

I.

On July 9, 2003, Simarmata received a Notice to Appear, charging him with removability because he was a noncitizen who overstayed his tourist visa. See 8 U.S.C. § 1227(a)(1)(B). He conceded removability but applied for asylum, withholding of removal, and protection under the Convention Against Torture. Specifically, Simarmata stated that he feared returning to Indonesia because he believed he would be subjected to persecution as a Christian.

Following a hearing addressing Simarmata's application for asylum, the Immigration Judge (IJ) denied all relief in an oral decision issued on January 22, 2010. Simarmata's application for asylum was untimely, as it came well over a year after his entry into the United States. As to the application itself, the IJ found Simarmata to be credible, but also found it unlikely that he would be subjected to persecution due to his faith were he to return to Indonesia. The IJ also denied Simarmata's request for withholding of removal because Simarmata did not meet his burden of showing

-2-

that he personally was a victim of past persecution on the basis of his religion or any of the other statutorily enumerated grounds. Simarmata appealed to the BIA, which agreed with the IJ and dismissed the appeal on April 17, 2012. Simarmata did not petition for judicial review of that decision.

On December 3, 2012, Simarmata filed an untimely motion to reopen asylum proceedings on the basis of changed country conditions in Indonesia. The BIA denied that motion on the grounds that the evidence he submitted failed to demonstrate a change in country circumstances that would excuse the untimeliness of his motion. See 8 C.F.R. § 1003.2(c)(3)(ii). This petition for review followed.

II.

We review the BIA's denial of a motion to reopen for abuse of discretion. Beltre-Veloz v. Mukasey, 533 F.3d 7, 9 (1st Cir. 2008). We "disfavor motions to reopen removal proceedings because they run the risk of frustrating 'the compelling public interests in finality and the expeditious processing of proceedings.'" Chen v. Holder, 675 F.3d 100, 105 (1st Cir. 2012) (quoting Guerrero-Santana v. Gonzales, 499 F.3d 90, 92 (1st Cir. 2007)). An applicant seeking to reopen proceedings "must both introduce new, material evidence that was not available or discoverable at the prior hearing and must also present a prima

-3-

facie case for eligibility of relief sought." Jutus v. Holder, 723 F.3d 105, 110 (1st Cir. 2013).

Simarmata argues that the BIA's decision was cursory and conclusory, and therefore an abuse of discretion. More specifically, he protests the BIA's finding that his evidence was insufficient to show changed country conditions and its finding that the evidence presented "d[id] not address a particular or individualized risk of harm" to him if he were to return to Indonesia. We disagree with his assessment, and while the "BIA's decision was concise, . . . that does not make it cursory." Lie v. Holder, 729 F.3d 28, 30 (1st Cir. 2013).

The main piece of evidence on which Simarmata relies is an affidavit by Jeffrey A. Winters, Ph.D., a professor in Northwestern University's Political Science Department who specializes in comparative and international political economy, labor, and human rights in Indonesia. Simarmata argues that the BIA did not properly evaluate the Winters affidavit. Not so.

The BIA concluded that the Winters affidavit "d[id] not address a particular or individualized risk of harm to the respondent," but rather "address[ed] deteriorating conditions generally for Christians and other religious minorities."[1] The BIA

---

[1] The BIA also concluded that the Winters affidavit, along with the other evidence Simarmata submitted, largely described "conditions or circumstances . . . similar to those that existed" at the time of his IJ hearing in 2010. On appeal, Simarmata argues that the Winters affidavit was "unavailable" prior to its execution

reasoned that this evidence of "general conditions of tension and social violence and religious intolerance . . . does not establish a change in conditions" necessary to excuse an untimely motion to reopen under 8 C.F.R. § 1003.2(c)(3)(ii). In addition to focusing largely on conditions that persisted before 2010, the Winters affidavit and the other evidence on which Simarmata relies "fail[s] to link general reports of ongoing persecution with his own individualized risk of future persecution." Wu v. Holder, 737 F.3d 829, 834 (1st Cir. 2013). We cannot conclude that the BIA's assessment of the Winters affidavit constituted an abuse of its discretion.

Although it is not necessary to our disposition of this case, it is notable that we have denied at least one other petition for review in a case where this same expert submitted a substantially similar and generalized affidavit in an attempt to show persecution of Christians in Indonesia. See Lie, 729 F.3d at 30. The Third Circuit has done the same. See, e.g., Tanzil v. Att'y Gen. of the United States, 426 F. App'x 104, 108 (3d Cir. 2011).

---

in August 2012. However, "[t]he regulation's exception for untimely motions in the event of previously unavailable evidence was not meant to extend to cases like this one, where evidence the BIA found to be previously available is simply newly packaged." Lie, 729 F.3d at 30 n.1.

III.

For the reasons stated above, Simarmata's petition for review is <u>denied</u>.