**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4553
_____

MILTON RAMIREZ CIFUENTES,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A098-480-280)
Immigration Judge:  Honorable Daniel A. Meisner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 18, 2015

Before:  FUENTES, SHWARTZ and ROTH, Circuit Judges

(Opinion filed:  July 30, 2015)
_____

OPINION[*]
_____

PER CURIAM

        Pro se petitioner Milton Ramirez Cifuentes petitions for review of an order of the

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Board of Immigration Appeals (BIA) denying his motion to reopen. For the reasons detailed below, we will deny the petition for review.

Cifuentes is a citizen of Colombia. He entered the United States in May 2004, and filed an application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Subsequently, the Department of Homeland Security charged him with being removable under 8 U.S.C. § 1227(a)(1)(B) for remaining in the United States for a longer time than permitted. Through attorney Julie Lynwander, Cifuentes conceded removability but reapplied for asylum, withholding of removal, and CAT relief.

Cifuentes testified before an Immigration Judge (IJ) in support of his claims. He alleged that, in Colombia, he had served in the Anti-Narcotic Department of the Colombian National Police, had uncovered police corruption, and had been threatened as a result. The IJ denied all relief to Cifuentes. Cifuentes filed a pro se notice of appeal to the BIA, which dismissed the appeal on July 24, 2008. Cifuentes did not file a brief in those proceedings — he has since alleged that he believed that a different lawyer from Attorney Lynwander's organization (Catholic Community Services) would file on his behalf — and as a result, the BIA limited itself to the issues he raised in his notice of appeal. The BIA ruled that the IJ did not err in concluding that (i) Cifuentes's past harms did not rise to the level of persecution and (ii) Cifuentes had failed to establish that he would be persecuted or tortured if he returned to Colombia.

Cifuentes then retained the American Immigrants Federation (AIF) to file a motion to reopen. However, according to Cifuentes, AIF took no action in his case. In

2

April 2010, following an investigation by the Office of the Attorney General of the State of New York into its business practices, AIF agreed to cease operations. On July 21, 2010, Cifuentes submitted a request for restitution from AIF to New York's Attorney General.

On June 4, 2012, Cifuentes married a United States citizen. His wife hired an immigration consultant named Claudio Soriano to file an I-130 immediate-relative visa petition and to seek to adjust Cifuentes's status. Soriano filed applications on March 13, 2013. U.S. Citizenship and Immigration Services (USCIS) granted the I-130 petition on July 17, 2013, but denied the application for adjustment of status on July 24, 2013, explaining that, because the BIA had previously issued a final order of removal, it lacked jurisdiction to grant Cifuentes relief.

On July 17, 2014, Cifuentes filed a motion to reopen. He acknowledged that the motion was untimely, but alleged that the limitations period should be tolled because each of his representatives had performed ineffectively. More specifically, he claimed that Attorney Lynwander had failed to inform him that he would be required to corroborate his allegations, Catholic Community Services had failed to file a brief to the BIA, AIF had failed to file a motion to reopen, and Soriano had failed to file the application for adjustment of status in the correct forum. The BIA denied the motion. The BIA first concluded that Cifuentes had not complied with the procedural requirements imposed by In re Lozada, 19 I. & N. Dec. 637 (BIA 1988). Moreover, the BIA ruled that Cifuentes had not pursued his claims with the requisite diligence. Finally,

3

the BIA declined to exercise its sua sponte authority to reopen. Cifuentes filed a timely petition for review to this Court.

We have jurisdiction under 8 U.S.C. § 1252(a)(1), and review the BIA's denial of Cifuentes's motion to reopen for abuse of discretion. See Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). Motions to reopen are "plainly disfavor[ed]," because "[t]here is a strong public interest in bringing litigation to a close as promptly as is consistent with the interest in giving the adversaries a fair opportunity to develop and present their respective cases." INS v. Abudu, 485 U.S. 94, 107, 110 (1988). The BIA's decision is thus entitled to "broad deference," Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003) (quotation marks omitted), and it "will not be disturbed unless [it is] found to be arbitrary, irrational, or contrary to law," Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004) (quotation marks omitted).

As the BIA stated, Cifuentes's motion to reopen was, on its face, plainly untimely. In general, a motion to reopen must be filed within 90 days of the removal order. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Cifuentes filed his motion nearly six years after the BIA's final order of removal. Cifuentes argues that the 90-day period should be tolled. While "[i]neffective assistance of counsel can serve as a basis for equitable tolling if substantiated and accompanied by a showing of due diligence," Alzaarir v. Att'y Gen., 639 F.3d 86, 90 (3d Cir. 2011), the BIA did not abuse its discretion in declining to apply equitable tolling here.

4

As an initial matter, as the BIA explained, Cifuentes made little effort to adhere to

Lozada's procedural requirements.[1]  See Rranci v. Att'y Gen., 540 F.3d 165, 172 (3d Cir.

2008) (noting that we have "essentially adopted" Lozada).  He did not present any

affidavit whatsoever; instead, he seemingly relied on his counsel's memorandum of law

in support of the motion to reopen, which will not suffice.  See Beltre-Veloz v. Mukasey,

533 F.3d 7, 10 (1st Cir. 2008); Reyes v. Ashcroft, 358 F.3d 592, 598 (9th Cir. 2004).

Further, even accepting the statements in his attorney's memorandum, Cifuentes has not

alleged that he raised his allegations of ineffectiveness with each of his prior

representatives.[2]  Nor has Cifuentes offered any basis to relax Lozada's requirements.

Cf. Castillo-Perez v. I.N.S., 212 F.3d 518, 526 (9th Cir. 2000).  Accordingly, the BIA did

not err in concluding that Cifuentes's motion was procedurally inadequate.  See generally

Mudric v. Att'y Gen., 469 F.3d 94, 100 (3d Cir. 2006).

The BIA likewise acted within its discretion in concluding that Cifuentes failed to

exercise due diligence.  See generally Alzaarir, 639 F.3d at 90.  As the BIA explained,

Cifuentes had become aware of any deficient performance by AIF no later than July 21,

---

[1] In Lozada, the BIA ruled that, to proceed with an ineffectiveness claim, an alien must (1) support his claim with an affidavit attesting to the relevant facts; (2) inform former counsel of the allegations and provide former counsel with a chance to respond; and (3) either file a disciplinary complaint against former counsel or explain why he has not done so.  19 I. &. N. Dec. at 639.

[2] Given these procedural failings, we need not decide here whether equitable tolling is available to an alien who alleges that a non-attorney immigration consultant performed ineffectively.  See generally Omar v. Mukasey, 517 F.3d 647, 650 (2d Cir. 2008).

5

2010, when he requested restitution. Nevertheless, he took no further action until nearly three years later when, through new counsel, he sought to adjust his status. Then, after USCIS denied that motion, he waited another year before seeking reopening. In these circumstances, the BIA did not err in finding that Cifuentes displayed a lack of diligence. See Mahmood v. Gonzalez, 427 F.3d 248, 252-53 (3d Cir. 2005).

Accordingly, we will deny Cifuentes's petition for review.[3]

---

[3] Cifuentes has not challenged the BIA's refusal to reopen the matter sua sponte, and has thus waived any argument concerning that part of the BIA's decision. See Dwumaah v. Att'y Gen., 609 F.3d 586, 589 n.3 (3d Cir. 2010). Even if Cifuentes had not waived the issue, we would lack jurisdiction to consider it. See Pllumi v. Att'y Gen., 642 F.3d 155, 159-60 (3d Cir. 2011).