Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 14-1719

SUNARTO ANG and TUTI ERLINA,

Petitioners,

v.

LORETTA E. LYNCH,
Attorney General of the United States,[*]

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Thompson, and Barron,
Circuit Judges.

Jack Herzig on brief for petitioner.
Robert Michael Stalzer, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Joyce R. Branda, Acting Assistant Attorney General, Civil Division, U.S. Department of Justice, and Stephen J. Flynn, Assistant Director, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, on brief for respondent.

August 19, 2015

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch has been substituted for former Attorney General Eric H. Holder, Jr., as the respondent.

**BARRON**, **Circuit Judge**.  Petitioners Sunarto Ang and Tuti Erlina, a married couple, are Indonesian citizens who seek to reopen their unsuccessful application for asylum.  Because we conclude that the Board of Immigration Appeals did not err in refusing to do so, we deny their petition for review of the Board's decision.

## I.

The petitioners entered the United States on temporary visas in March of 2007, stayed past those visas' dates of expiration, and applied for asylum in December of 2007.  The petitioners, who are Christian, claimed they would face "persecution . . . on account of . . . religion" if they were removed to Indonesia.  8 U.S.C. § 1101(a)(42)(A).  An Immigration Judge denied the petitioners' asylum application in August of 2010.  The Board of Immigration Appeals then affirmed, and this Court denied the petitioners' petition for review on the merits in mid-2013.  Ang v. Holder, 723 F.3d 6 (1st Cir. 2013).

Nearly eight months later, the petitioners filed a motion to reopen their asylum application with the Board of Immigration Appeals.  See 8 C.F.R. § 1003.2(c)(1).  Such motions are generally disfavored because they disrupt "compelling public interests in finality and the expeditious processing of proceedings."  Guerrero-Santana v. Gonzales, 499 F.3d 90, 92 (1st Cir. 2007) (quoting Raza v. Gonzales, 484 F.3d 125, 127 (1st Cir.

- 2 -

2007)). Thus, such motions must provide evidence material to the asylum claim that was not available at the time of the asylum hearing. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(1).

The petitioners' motion is especially disfavored, however, because they filed it late. See 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2) (motions to reopen must generally be filed within 90 days of the final administrative decision in the initial proceeding). As a result, the petitioners must clear an additional hurdle. They must show that their motion is based on "changed country conditions arising in [their] country of nationality or the country to which removal has been ordered." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

## II.

The Board may properly deny a late motion to reopen if the petitioner's evidence of purportedly "changed conditions" shows only a "mere continuation" of prior conditions, Marsadu v. Holder, 748 F.3d 55, 58 (1st Cir. 2014), or what we have elsewhere described as a "persistence of negative conditions," Fen Tjong Lie v. Holder, 729 F.3d 28, 31 (1st Cir. 2013). Thus, a petitioner, to succeed in an untimely motion to reopen based on changed conditions, must show an "intensification or deterioration" of conditions in the relevant country. Marsadu, 748 F.3d at 58; see also Fen Tjong Lie, 729 F.3d at 30-31. We review the Board's finding that the petitioners made no such showing here for abuse

of discretion, and so we may reverse only if the Board's decision was "arbitrary, capricious, or irrational."  Raza, 484 F.3d at 127.

In this case, the Board's conclusion that the petitioners failed to make the required showing was reasonable. The petitioners did offer evidence that attacks on Christians and churches in Indonesia have continued in the years following their 2010 asylum hearing.  And the petitioners also offered evidence that local governments in Indonesia have, since 2010, refused to issue permits that churches need to legally operate and then shut down those churches for lacking such permits.  But the discussion of Indonesia in the United States Department of State's 2009 Report on International Religious Freedom -- which is part of the record from the petitioners' original, 2010 hearing -- reveals that similar conditions were present in Indonesia at the time of the 2010 hearing.  The Board thus supportably concluded that petitioners' newly offered evidence showed conditions that are "substantially similar" to those that prevailed in Indonesia at the time of the petitioners' original asylum hearing. See Sugiarto v. Holder, 761 F.3d 102, 104 (1st Cir. 2014) (upholding the Board's finding of no changed conditions where the petitioner's evidence showed new attacks on Christians that were substantially similar to attacks that had occurred before the petitioner's original asylum hearing).

- 4 -

The Board did recognize that the petitioners also supplied two news articles "describ[ing], in passing, an 'increasing theater of violence and abuse against religious minorities' and a 'rise in the number of attacks or intolerance against minorities, including Christians.'" (Alterations omitted.) But the articles provide no details about how conditions for Christians in Indonesia have worsened. We thus agree with the Board that these articles are "generalized and conclusory in nature." For that reason, the articles do not show that the Board abused its discretion in finding that the petitioners failed to make the necessary showing of changed country conditions. See Haizem Liu v. Holder, 727 F.3d 53, 56 n.5 (1st Cir. 2013) (holding that a letter's "lack of detail and conclusory assertions" "provide[d] insight into its likely veracity and reliability" as support for a claim of changed country conditions). And although the Board did not mention specifically several other news articles that the petitioners submitted that contain similar statements, those statements likewise lacked details of worsening conditions. We thus defer to the Board's finding that the petitioners have not shown a material change in country conditions. See Sugiarto, 761 F.3d at 103-04; Haizem Liu, 727 F.3d at 56-57 & n.5.

We therefore deny the petition for review.