# United States Court of Appeals
## For the First Circuit

No. 06-1065

HANY ATTIA,

Petitioner,

v.

ALBERTO R. GONZALES, United States Attorney General,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Lipez, and Howard, <u>Circuit Judges</u>.

<u>Saher J. Macarius</u>, <u>Audrey Botros</u> and <u>Law Offices of Saher J. Macarius</u> on brief for petitioner.
<u>Peter D. Keisler</u>, Assistant Attorney General, <u>Terri J. Scadron</u>, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, and <u>Mary Strimel</u>, Trial Attorney, United States Department of Justice, on brief for respondent.

February 16, 2007

**Per Curiam**.  Hany Attia is a Coptic Christian and a native and citizen of Egypt.  When placed in removal proceedings, Attia sought asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  Attia maintained that he had been persecuted in his native Egypt on account of his religion, and that the persecution would continue if he were returned there.  The immigration judge (IJ) denied relief on the grounds that the harassment and discrimination that Attia experienced in Egypt was not severe enough to constitute persecution, and that there was no indication that he would be persecuted if he returned.  The Board of Immigration Appeals (BIA) affirmed the IJ's decision without opinion, and Attia filed this petition for review.[1]

We review the BIA's decisions under the "substantial evidence" standard, which means we will uphold the decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole."  Carcamo-Recinos v. Ashcroft, 389 F.3d 253, 256 (1st Cir. 2004)(internal citation and quotation omitted).  This is a deferential standard, and we will reverse the BIA only if the evidence compels that result.  Id.  Where, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision.  See id. at 257.

---

[1] Attia makes no specific argument in support of his CAT claim, and we deem it waived.

-2-

A petitioner can show that he is entitled to asylum by demonstrating past persecution or a well-founded fear of future persecution on account of his race, religion, nationality, political opinion, or membership in a particular social group. Id. at 257. To establish a well-founded fear of future persecution, the petitioner must show that his fear is both genuine and objectively reasonable. Toloza-Jimenez v. Gonzales, 457 F.3d 155, 161 (1st Cir. 2006). To constitute persecution, the alleged mistreatment must extend beyond harassment, unpleasantness, and basic suffering. See Topalli v. Gonzales, 417 F.3d 128, 133 (1st Cir. 2005); see also Bocova v. Gonzales, 412 F.3d 257, 263 (1st Cir. 2005)(finding of persecution more likely if mistreatment is systematic rather than a series of isolated incidents).

The IJ did not make a specific credibility finding, but rather accepted Attia's account of his experiences. Attia, who came to the United States in 2001, testified regarding various acts of discrimination that he had experienced as a Christian growing up in a predominately Muslim society. Notably, he recounted that his teachers had belittled his religion and struck him, and that a distant relative (a priest) and his family had been killed when the relative attempted to build a church on land adjoining the property of an influential Muslim military officer. Attia also recounted two attacks upon himself. The first occurred in 1991, when he was escorting a group of children to religious training. Attia stated

-3-

that an elderly (but large) Muslim man approached him, insulted Attia's religion, and then beat him in front of the children. The second incident occurred in 2000. Attia testified that he was baking sacramental bread in a church bakery, when Muslim merchants, angered by the heat from the bakery coming into their stores, repeatedly attacked him. Attia was not significantly injured in either incident. Attia also testified that he had previously come to the United States in 2000, but returned to Egypt to be with his family. Regarding his immediate family, all of whom are also practicing Coptic Christians, he stated that his father serves as the head of taxation for the Egyptian government and that both his sisters work as accountants in Egypt.

The IJ's conclusion that Attia did not suffer past persecution is supported by substantial evidence. Although Attia experienced two altercations in a nine year period and a general climate of discrimination, this does not suffice. See Awad v. Gonzales, 463 F.3d 73, 76 (1st Cir. 2006)(childhood bullying, being slapped by an officer during military service, seeing discrimination against Christians, and learning a friend's sister had been sexually assaulted by Muslims and forced to convert to Islam did not amount to persecution). Indeed, worse mistreatment has been found not to amount to persecution. See, e.g., Topalli, 417 F.3d at 132 (seven arrests accompanied by brief detentions and beatings over two year period); Bocova, 412 F.3d at 263 (two

beatings by the police, accompanied by death threats, over approximately two year period); Nelson v. INS, 232 F.3d 258, 264 (1st Cir. 2000)(three brief incarcerations in solitary confinement, physical abuse during each incarceration, along with surveillance and harassment).

The IJ's conclusion that Attia failed to show a likelihood of future persecution is also supported by substantial evidence. As we have recently noted, religious tolerance has improved somewhat in Egypt. See Awad, 463 F.3d at 77. Moreover, Attia's claim is significantly undermined by the fact that he willingly returned to Egypt after his earlier trip to the United States and that members of his immediate family continue live in Egypt, practice their faith, and work in the government and the professions without incident. See generally Awad, 463 F.3d at 77 (two returns to Egypt after international travel); Khalil v. Ashcroft, 337 F.3d 50, 56 (1st Cir. 2003) (wealthy and high profile family members live in Egypt without incident).

Because Attia has failed to meet the more forgiving asylum standard, he necessarily cannot meet the higher standard for withholding of removal. See Pan v. Gonzales, 445 F.3d 60, 63 (1st Cir. 2006).[2]

---

[2]Attia also alludes to a possible due process claim based upon the alleged inadequacy of the transcript of the proceeding before the IJ. But because he fails to argue that he has met the requirements for such a claim, see Kheireddine v. Gonzales, 427 F.3d 80, 83-87 (1st Cir. 2005), any such claim is forfeited.

The petition for review is **<u>denied</u>**.