# United States Court of Appeals

## For the First Circuit

No. 06-2650

ANA LILIA ORTIZ-ARANIBA,

Petitioner,

v.

PETER D. KEISLER,[*] ACTING ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Torruella and Lipez, Circuit Judges,
and Fusté,[**] District Judge.

John P. Garan on brief for petitioner.
James E. Grimes, Senior Litigation Counsel, Office of
Immigration Litigation, Peter D. Keisler, Assistant Attorney
General, and Linda S. Wernery, Assistant Director, Office of
Immigration Litigation, on brief, for respondent.

October 11, 2007

---

[*]Pursuant to Fed. R. App. P. 43(c)(2), Acting Attorney General
Peter D. Keisler is substituted for former Attorney General Alberto
R. Gonzales as respondent.

[**]Of the District of Puerto Rico, sitting by designation.

**LIPEZ**, <u>**Circuit Judge**</u>. The petitioner, Ana Lilia Ortiz-Araniba ("Ortiz"), a native and citizen of El Salvador, seeks review of a decision of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal. She claims that the BIA erred in finding that she was not a member of a well-defined social group for asylum eligibility purposes and in finding that the government of El Salvador was willing and able to control her potential persecutors. Because we find that the latter determination is supported by substantial evidence, we deny Ortiz's petition for review without addressing the social group issue.

## I.

Ortiz entered the United States without permission on February 22, 2004. The Department of Homeland Security ("DHS") issued a Notice to Appear four days later. Through her counsel, Ortiz conceded removability and requested asylum, withholding of removal, and protection from removal under the Convention Against Torture ("CAT"). In her application for asylum, Ortiz stated that in October 2000, her house in El Salvador was robbed by a man neighbors identified as José Milton Hernandez, whom she believed to be a member of the Mara Salvatrucha gang. She reported the robbery to the police, and Hernandez was promptly arrested. Hernandez was later convicted and served four years in prison. According to her testimony at the merits hearing, Ortiz was approached several times

-2-

over the next few years by two of Hernandez's acquaintances, who told her that Hernandez would harm her once he left prison in June 2004. Frightened and worried that the police would be unable to protect her, Ortiz fled to the United States, leaving her three-year-old son behind with her mother.

Following the hearing in May 2005, the IJ issued an oral decision denying all forms of relief. Ortiz filed a timely notice of appeal with the BIA, contesting the IJ's denial of asylum and withholding of removal. The BIA affirmed the IJ's decision and dismissed Ortiz's appeal. In its brief per curiam opinion, the BIA held that Ortiz was ineligible for asylum or withholding of removal because she had failed to demonstrate that she was a member of a well-defined social group for asylum eligibility purposes, and that the government of El Salvador is unable or unwilling to control her alleged persecutors.[1] Ortiz has petitioned this court for review of the BIA's decision, claiming that the BIA erred in finding her ineligible for relief.

## II.

Ortiz asserts that the BIA erred in ruling that she was not eligible for asylum under section 208 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158. In order to qualify for asylum, a petitioner must demonstrate either past persecution or a

---

[1] The BIA also held that Ortiz had waived relief under CAT by not challenging the IJ's denial of CAT relief. Ortiz advances no CAT arguments in her petition.

-3-

well-founded fear of future persecution on account of her race, religion, nationality, political opinion, or membership in a particular social group. 8 U.S.C. § 1158(b)(1)(B)(i); Attia v. Gonzales, 477 F.3d 21, 23 (1st Cir. 2007). The petitioner must also demonstrate that the persecution has some connection to governmental action or inaction. Orelien v. Gonzales, 467 F.3d 67, 72 (1st Cir. 2006).

Ortiz argues that the BIA erred in concluding that she had not demonstrated that she is a member of a well-defined social group eligible for asylum. She contends that she is a member of a group composed of "victim[s] of gang-related crime who [have] provided crucial evidence against the perpetrator[s]." We need not address whether the BIA erred in determining that this group is "too broad to constitute a particular social group for asylum eligibility purposes" because Ortiz has to show that her reasonable fear of future persecution is connected to government action or inaction. That is, Ortiz's persecution claim requires her to demonstrate a reasonable fear of "mistreatment that is the 'direct result of government action, government-supported action, or government's unwillingness or inability to control private conduct.'" Id. (quoting Nikijuluw v. Gonzales, 427 F.3d 115, 121 (1st Cir. 2005)); see also Da Silva v. Ashcroft, 394 F.3d 1, 7 (1st Cir. 2005) ("Action by non-governmental actors can undergird a claim of persecution only if there is some showing that the alleged

persecutors are in league with the government or are not controllable by the government."). The question whether the government of El Salvador is unwilling or unable to control Ortiz's potential persecutors is a question of fact that we review under the highly deferential substantial evidence standard. See Attia, 477 F.3d at 23. Under this standard, we must uphold the BIA's findings of fact "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); Harutyunyan v. Gonzales, 421 F.3d 64, 68 (1st Cir. 2005).

In determining whether a government is willing and able to control persecutors, we have explained that a prompt response by local authorities to prior incidents is "the most telling datum." Harutyunyan, 421 F.3d at 68. Where the police are willing to investigate incidents of violence and institute criminal proceedings against the perpetrators, we have held that the requisite connection between government inaction and fear of future persecution could not be shown. Id. Similarly, the Ninth Circuit has held that a government's ability to catch and punish assassins acting on behalf of an organization "shows that the government controls" that organization. Elnager v. INS, 930 F.2d 784, 788 (9th Cir. 1991). Here, Ortiz's own testimony demonstrates that the local police promptly responded to her previous complaint and arrested Hernandez. More tellingly, perhaps, Hernandez was convicted and served four years in prison. The IJ and the BIA

-5-

concluded from this evidence that the government was both willing and able to confront Ortiz's potential persecutor.  We agree that this conclusion is supported by substantial evidence.

Seeking to convince us otherwise, Ortiz attempts to distinguish between the government's proven ability to prosecute Hernandez for his past crime and its ability to protect her from future retribution.  Her argument that the government cannot prevent future attacks against her is based on the fact that the nearest police station is located some distance from her home and that, as she has no telephone, she would be required to use a neighbor's phone to call for aid.  This argument misunderstands the law.  "[A]n applicant seeking to establish persecution by a government based on violent conduct of a private actor must show more than 'difficulty ... controlling' private behavior." Menjivar v. Gonzales, 416 F.3d 918, 921 (8th Cir. 2005) (quoting In re McMullen, 17 I. & N. Dec. 542, 546 (BIA 1980)).  An applicant must show the government's acquiescence in the persecutor's acts or its inability or unwillingness to investigate and punish those acts, and not just a general difficulty preventing the occurrence of particular future crimes.  See Harutyunyan, 421 F.3d at 68 (affirming the BIA's finding that, although there had been three incidents involving the same group of perpetrators, the necessary connection to government inaction was missing because the police had investigated each incident promptly and brought criminal

charges against the perpetrators).[2] It is possible that the police would not be able to respond quickly enough to prevent Hernandez from harming Ortiz, but this delay does not amount to mistreatment by the government. Police response cannot be instantaneous. Indeed, no government could provide the sort of absolute protection Ortiz seeks.

Ortiz also introduced documentary evidence of the widespread violent activities of the Mara Salvatrucha in El Salvador. She argues that this evidence shows that the Salvadoran police cannot prevent gang violence and demonstrates the government's inability to control the gang. However, the BIA did not err in considering, as countervailing evidence, the government's willingness and ability to prosecute and incarcerate particular gang members as evidence of its ability and willingness to control the gang. See Menjivar, 416 F.3d at 922 ("To whatever extent [the documentary evidence] show[s] that there is a general problem of gang violence in El Salvador, we do not believe [it] can override the evidence in this case that the police conducted a thorough investigation of [a particular gang member's] criminal acts...") The BIA found that Ortiz had failed to establish that

---

[2] In Harutyunyan, we considered the connection to government action or inaction in the context of past persecution. 421 F.3d at 68. However, the same analysis is also applicable when the question is raised in the context of fear of future persecution. See Elanger, 930 F.2d at 788 (considering government's willingness to prosecute perpetrators of past crimes in the context of claim of fear of future persecution).

her potential persecutors are a group that the government is unable or unwilling to control, and the evidence she introduced does not compel a contrary conclusion. Accordingly, we uphold the BIA's determination that Ortiz has failed to demonstrate her eligibility for asylum.

## III.

Ortiz also argues that the BIA erred in holding that she is not eligible for withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). A claim for withholding of removal "'carries with it a more stringent burden of proof than does a counterpart effort to obtain asylum.'" Raza v. Gonzales, 484 F.3d 125, 129 (1st Cir. 2007) (quoting Orelien, 467 F.3d at 73). As Ortiz has not demonstrated that the evidence compels a ruling that she is eligible for asylum protection, her claim for withholding of removal necessarily fails as well.

For the foregoing reasons, we **deny** the petition for review.

**So ordered.**