Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 06-1941

LISA RUSLI,
HENDRA LAY,

Petitioners,

v.

MICHAEL B. MUKASEY,[*]
United States Attorney General,

Respondent.

---

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

---

Before

Lipez, Circuit Judge,
Tashima,[**] Senior Circuit Judge,
and Howard, Circuit Judge.

---

Yan Wang on brief for petitioner.
Peter D. Keisler, Assistant Attorney General, Civil Division, Michelle G. Latour, Assistant Director and Jessica E. Sherman, Attorney, Office of Immigration Litigation, Civil Division, on brief for respondent.

---

June 27, 2008

---

[*]Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Michael B. Mukasey has been substituted for former Attorney General Alberto R. Gonzales.

[**]Of the Ninth Circuit, sitting by designation.

**Per curiam**.  Lisa Rusli and her husband, Hendra Lay, are citizens of Indonesia and sought asylum, withholding of removal, and protection under the Convention Against Torture (CAT) based upon Rusli's[1] experiences as a Christian of Chinese ancestry in Indonesia.  The immigration judge denied relief and the Board of Immigration Appeals affirmed.  Petitioners then filed a petition for review, which we now summarily **deny**.  See 1st Cir. Loc. R. 27(c).

The brief filed by petitioners' counsel, Yan Wang, is a "cut and paste" affair that appears to present the facts of another case -- notably for a person of a different gender than Rusli, who had different experiences, in different years, and appeared before a different immigration judge.  This substantive failure to comply with Federal Rule of Appellate Procedure 28 alone justifies dismissal.  See generally Ramírez v. Debs-Elías, 407 F.3d 444, 446 n.1 (1st Cir. 2005).  Further, the brief, by definition, offers no developed argument directed to petitioners' claims, with the necessary consequence that the claims are waived.  See Jiang v. Gonzales, 474 F.3d 25, 32 (1st Cir. 2007) (citing United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).  Moreover, after reviewing the record we conclude that Rusli's claims fall well short of establishing the requisite eligibility for asylum, withholding of removal, or protection under the CAT.   See, e.g., Attia v.

---

[1]Lay's request for relief is derivative of his spouse's.

Gonzales, 477 F.3d 21, 24 (1st Cir. 2007); <u>Susanto</u> v. <u>Gonzales</u>, 439 F.3d 57, 59-61 (1st Cir. 2006).

**<u>It is so ordered.</u>**