# United States Court of Appeals
## For the First Circuit

No. 17-1907

RONY LOPEZ-LOPEZ,

Petitioner,

v.

JEFFERSON B. SESSIONS, III,
ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Circuit Judge,
Souter, Associate Justice,*
and Kayatta, Circuit Judge.

Kevin P. MacMurray, Daniel W. Chin, and MacMurray & Associates on brief for petitioner.

David Kim, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Chad A. Readler, Acting Assistant Attorney General, and Kohsei Ugumori, Senior Litigation Counsel, Office of Immigration Litigation, on brief for respondent.

---

* Hon. David H. Souter, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

March 16, 2018

**LYNCH**, **Circuit Judge**.  We deny Rony Lopez-Lopez's petition for review because there was substantial evidence before the IJ and BIA that Lopez-Lopez had failed to meet his burden to establish a nexus between his alleged persecution and a statutorily protected ground.

In April 2013, the Department of Homeland Security served Lopez-Lopez, a native and citizen of Guatemala, with a notice to appear, charging that he was removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) because he had entered the United States without inspection on an unknown date; Lopez-Lopez later testified that he had entered in January 2007.  Lopez-Lopez filed an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") in March 2015.  The immigration judge ("IJ") excused the late filing of Lopez-Lopez's application, and addressed and denied it on its merits.

Lopez-Lopez claimed that his basis for relief was that drug traffickers had moved into his village in Guatemala in 2006, taken over his family's land, and used threats of violence to coerce him and his family members into cultivating raw materials for drugs on that land.  Lopez-Lopez also testified that three of his siblings remained unharmed in Guatemala because they did what the drug traffickers asked them to do.  He alleged that he had been persecuted, and that the persecution was because he belonged to a "particular social group" of "poor, uneducated landowners."

The IJ denied Lopez-Lopez's application, holding that his claimed social group was "not a protected ground under the [Immigration and Nationality Act]" and that, in any case, Lopez-Lopez had not established a nexus between his alleged persecution, or fear of future persecution, and any protected ground. The IJ also held that, even if Lopez-Lopez had established that he had been targeted on the basis of a protected ground, he had failed to show government action or inaction necessary to establish past persecution because "there was no evidence that any Guatemalan authorities on any level were notified of the situation."[1]

On appeal, the BIA agreed with the IJ's conclusion that Lopez-Lopez had not "establish[ed] that any persecution he ha[d] suffered or fears was or is on account of a protected ground." The BIA held that, even assuming that Lopez-Lopez had established a "cognizable particular social group" of "poor, uneducated landowners in Guatemala," he had "not demonstrated that one central motive for the harm he suffered or fears was or would be on account of his membership in such a group." The BIA also stated that "widespread violence" in Guatemala "d[id] not provide a basis for a grant of asylum." Because the BIA's nexus holding was an independently sufficient basis for its decision to dismiss Lopez-

---

[1] The IJ also denied Lopez-Lopez's claim for CAT protection, and the BIA affirmed. Lopez-Lopez does not challenge this denial in his petition for review.

- 4 -

Lopez's appeal, the BIA did not, and was not obligated to, address the other bases for the IJ's decision, contrary to Lopez-Lopez's arguments in his petition for review. See INS v. Bagamasbad, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

In his petition for review, Lopez-Lopez argues that he met his burden of establishing both nexus to a protected ground and past persecution. We reach only the nexus issue.

We review the IJ's and BIA's nexus determination "through the prism of the substantial evidence rule," Lopez de Hincapie v. Gonzales, 494 F.3d 213, 218 (1st Cir. 2007), under which we uphold the determination unless the record "compel[s] the contrary conclusion," id. Lopez-Lopez testified that drug traffickers had "t[aken] advantage" of his family's land because it was "very productive." He also testified that the drug traffickers had forced him and his family members to cultivate raw materials for drugs on that land because his family "had experience with agriculture and harvest[ing]." Based on this testimony, the IJ and BIA reasonably concluded that the drug traffickers' alleged conduct had been centrally motivated by a desire to profit from the use of Lopez-Lopez's family's land, rather than by an intent to harm poor, uneducated landowners as a group. See Singh v. Mukasey, 543 F.3d 1, 6-7 (1st Cir. 2008) (holding that evidence

that the petitioner had been persecuted "primarily" because of "economic motivations" supported the BIA's finding that petitioner had failed to show nexus); Lopez de Hincapie, 494 F.3d at 219 (holding that facts indicating that petitioner had been targeted "because of greed, not because of her political opinion or membership in a particular social group," supported the BIA's determination that petitioner had not established nexus). As such, substantial evidence supported the BIA's and IJ's dispositive determination that Lopez-Lopez had failed to establish a nexus between the persecution that he allegedly had suffered, or any future persecution that he fears that he will suffer, and a statutorily protected ground. The petition for review is denied.