Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 18-1538

OSCAR NEFTALI CHAVEZ-MENDEZ,

Petitioner,

v.

MATTHEW G. WHITAKER,
ACTING ATTORNEY GENERAL,[*]

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before
Lynch and Lipez, Circuit Judges,
and Katzmann,[**] Judge.

Lidia M. Sanchez, on brief for petitioner.
Chad A. Readler, Acting Assistant Attorney General, Civil Division, Jeffrey R. Leist, Senior Litigation Counsel, Office of Immigration Litigation, and Lance L. Jolley, Trial Attorney, Office of Immigration Litigation, on brief for respondent.

January 10, 2019

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Acting Attorney General Matthew G. Whitaker has been substituted for former Attorney General Jefferson B. Sessions, III as the respondent.

[**] Of the United States Court of International Trade, sitting by designation.

**KATZMANN**, <u>Judge</u>.  Petitioner Oscar Neftali Chavez-Mendez ("Chavez-Mendez"), a native and citizen of Guatemala, seeks review of a May 7, 2018 final order issued by the Board of Immigration Appeals ("BIA") affirming the immigration judge's denial of his application for asylum under section 208 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158.

In his application, Chavez-Mendez alleged fear of persecution from members of a neighboring village based on his membership in a particular social group comprised of residents of his hometown.  In its decision, the BIA stated:

> The respondent [Chavez-Mendez] credibly testified to the following.  The respondent lived with his parents in a village of about 200 people in Guatemala.  The village was downhill from another village, and when villagers from the respondent's town would travel uphill to cultivate the land, various disputes broke out between the residents of both towns over access to the land and water.  During the conflicts, villagers were armed with sticks and machetes.  The respondent's father participated in the conflict, and the opposing villagers once captured and threatened to kill the respondent's uncle.  The respondent never personally witnessed any of the altercations nor was he involved in any of the disputes, and the respondent and his siblings were never harmed as a result of these conflicts.  The police or soldiers sometimes came to the village to restore the peace when the disputes broke out.

In denying Chavez-Mendez's application, the BIA upheld the immigration judge's conclusion that he failed "to carry his burden of proof to establish that he experienced past harm sufficiently severe to qualify as persecution," and failed "to

carry his burden to establish a nexus between the harm that he fears and his identified particular social group."  We agree.

Judicial review of the BIA's denial of asylum is deferential.  See 8 U.S.C. § 1252(b)(4)(B).  We examine fact-bound challenges only to ensure that the BIA's findings are supported by substantial evidence in the administrative record as a whole.  See Makhoul v. Ashcroft, 387 F.3d 75, 79 (1st Cir. 2004).  The denial of asylum must be affirmed unless the administrative record "unequivocally indicates error."  Id. at 79.  "We review the BIA's legal conclusions de novo, although we grant some deference to its interpretations of statutes and regulations related to immigration matters."  Aldana-Ramos v. Holder, 757 F.3d 9, 14 (1st Cir. 2014).

To be eligible for asylum, the applicant must demonstrate that he or she is a refugee as defined in INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).  Section 101(a)(42)(A) of the INA defines a refugee as "any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. §1101(a)(42)(A); see also Aldana-Ramos, 757 F.3d at 14.

- 3 -

Substantial evidence supports the BIA's determination that Chavez-Mendez did not suffer persecution in Guatemala as a child. The harm his family suffered appears to be limited. Neither Chavez-Mendez nor any of his immediate family members were harmed. Substantial evidence also supports the BIA's determination that Chavez-Mendez failed to establish that the dispute of the use of land is a protected basis for asylum relief. "We have explained that, in general, [e]vents that stem from personal disputes are . . . not enough to show the required nexus." Guerra-Marchorro v. Holder, 760 F.3d 126, 129 (1st Cir. 2014) (quoting Sompotan v. Mukasey, 533 F.3d 63, 71 (1st Cir. 2008)); see also Lopez-Lopez v. Sessions, 885 F.3d 49, 51-52 (1st Cir. 2018). Quite apart from failing to establish the requisite nexus, Chavez-Mendez has not shown that the record compels the conclusion that the Guatemalan government would be unable or unwilling to protect him from persecutors. See 8 U.S.C. § 1101(a) (42)(A); Morales-Morales v. Sessions, 857 F.3d 130, 135-136 (1st Cir. 2017). Moreover, "a general difficulty preventing the occurrence of particular future crimes" is not sufficient to show that the government is unable or unwilling to protect him. Morales-Morales, 857 F.3d at 136 (quoting Ortiz-Araniba v. Keisler, 505 F.3d 39, 42 (1st Cir. 2007)) (emphasis in original). Finally, Chavez-Mendez's asserted generalized fear of future harm from gangs or drug traffickers is insufficient to meet his burden of proof for asylum.

"[S]uch generalized evidence is not sufficient to compel a finding of a well-founded fear of persecution." <u>Villafranca</u> v. <u>Lynch</u>, 797 F.3d 91, 96 (1st Cir. 2015); <u>Makhoul</u>, 387 F.3d at 82.

Chavez-Mendez's petition for review is **<u>denied</u>**.