**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 23-2027

GEOVANNY ALEXANDER MARTINEZ-DIAZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Barron, <u>Chief Judge</u>,
Lynch, and Rikelman, <u>Circuit Judges</u>.

<u>Robert M. Warren</u> on brief for petitioner.
<u>Jennifer P. Williams</u>, Attorney, Office of Immigration
Litigation, <u>Song Park</u>, Assistant Director, Office of Immigration
Litigation, and <u>Brian M. Boynton</u>, Principal Deputy Assistant
Attorney General, Civil Division, on brief for respondent.

November 13, 2024

**LYNCH**, **Circuit Judge**.  Geovanny Alexander Martinez-Diaz petitions for review of portions of a decision of the Board of Immigration Appeals ("BIA") dated October 31, 2023, which affirmed an immigration judge's ("IJ") order denying his applications for asylum and withholding of removal under sections 208 and 241(b)(3)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158, 1231(b)(3)(A).  The IJ denied his applications for relief on multiple grounds.  The BIA reached only one of the grounds and found no errors of law or fact in the determination that Martinez-Diaz had not met his burden to show a nexus between his alleged persecution and any statutorily protected ground. Because there were no errors of law and the record does not compel a contrary conclusion on the dispositive issue of nexus, we deny the petition for review.

## I.

Petitioner Martinez-Diaz, of El Salvador, entered the United States on November 22, 2014 without being "admitted or paroled after inspection by an Immigration Officer."  On the same day, the Department of Homeland Security ("DHS") charged him as being subject to removal under § 212(a)(6)(A)(i) of the Immigration and Nationality Act.  8 U.S.C. § 1182(a)(6)(A)(i).  On June 3, 2015, Martinez-Diaz, roughly fifteen-years old at the time and assisted by a preparer, filed his applications for asylum and withholding of removal, with an affidavit asserting that he had

been "harassed by [gang members] asking [him] to join them," "that the gang members had threatened him with knives," and that he had not gone to the police because he had been afraid of the gang threats. He requested asylum and withholding of removal based on membership in a particular social group but did not specify the particular social group claimed. In response to the question of whether he or his family or colleagues or close friends had "ever experienced harm or mistreatment or threats in the past by anyone," he wrote: "When I would leave my school three or four [gang members] []would threaten me with knives to force me to join them. This began in July[] 2014. In November 2014, [a gang member] held a knife to my throat saying [i]f I did not join them, they would kill me."

Martinez-Diaz, then aged twenty-one-years old and represented by present counsel, appeared before an IJ at a merits hearing in Boston, Massachusetts on August 31, 2020. He conceded removability and requested asylum and withholding of removal.[1] Martinez-Diaz testified that he came to the United States in November 2014 because gang members had started to threaten him in

---

[1] He also sought relief under the Convention Against Torture ("CAT") and Other Cruel Inhuman or Degrading Treatment or Punishment, 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); see also Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, art. 3, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 114, but abandoned that claim before the BIA. In any event, he presented no evidence to the IJ of any likelihood of torture.

October 2014. They had asked him to "bring drugs into school because . . . [he] looked innocent." He had also been "beaten one time by gang members" and on a different occasion had had a knife held to his throat. Martinez-Diaz testified that after he left El Salvador, gang members had "beat[en] up his brother trying to ascertain [Martinez-Diaz's] whereabouts," and his "mother's cousin [had] disappeared," but he did not "know the story." He never reported any incident to law enforcement. He said he feared the gang would harm him because he had refused to join them, and that they would perceive him as wealthy and target him if he were to return from the United States. This was the basis for his claim of past and future persecution.

Martinez-Diaz asserted to the IJ he had been persecuted "on account of" what he alleged were two particular social groups: "1) the Martinez-Diaz family and 2) a popular youth who the gangs wanted to recruit to distribute drugs."[2]

The IJ denied Martinez-Diaz's applications for relief and protection, finding that he had failed to establish either past persecution or a well-founded fear of future persecution on account of a statutorily protected ground. See INA § 101(a)(42)(A); 8 C.F.R. § 1208.13(b)(1). As to the nexus

---

[2] On appeal, Martinez-Diaz proposes a different particular social group: "a person refusing to be recruited into a criminal gang." Because he did not present this argument to either the BIA or to the IJ, we do not consider it. See 8 U.S.C. § 1252(d)(1).

requirement, the IJ held that Martinez-Diaz had provided no evidence he had been targeted because of his family. Martinez-Diaz's own testimony established that "the only reason he [had been] targeted was because the gang members wanted him to join them and bring drugs into the school." The IJ held that "being subjected to gang recruitment d[id] not constitute persecution on account of a protected ground." Martinez-Diaz's second claimed particular social group -- "popular youth who the gangs wanted to recruit to distribute drugs" -- also failed because it lacked particularity, in that "[a]s defined the group could consist of people of any gender and background." As to petitioner's claim that he "fear[ed] returning to El Salvador because he w[ould] be targeted as having been perceived wealthy because he was in the United States," the IJ noted that BIA precedent "flatly" precluded this argument.

The IJ also found that Martinez-Diaz was not eligible for withholding of removal, which requires a more stringent showing than relief in the form of asylum. The IJ rejected the claim for protection under the CAT because there was no evidence in the record that it was more likely than not that he would be tortured with the acquiescence or willful blindness of the government if removed to El Salvador. The IJ ordered that Martinez-Diaz be deported.

Martinez-Diaz timely appealed to the BIA. His primary argument was that he was and will be persecuted on account of a particular social group. The BIA affirmed the finding that Martinez-Diaz had failed to establish the requisite nexus between his alleged persecution and any statutorily protected ground, because the "harm and threats received by [him] from gang members [had been] motivated by a desire to increase their criminal enterprise," and not by "a protected ground under the INA." As he failed to meet his burden of proving the requisite nexus for asylum, the BIA determined that Martinez-Diaz was also not eligible for withholding of removal. Because Martinez-Diaz had not challenged the IJ's denial of his claim under the CAT, the BIA found that he had "abandoned" that claim.

Martinez-Diaz timely petitioned this court for review.

## II.

We review the agency's factual findings under the deferential "substantial evidence standard," which "requires us to accept" these findings "unless the record is such as to compel a reasonable factfinder to reach a contrary conclusion." Dorce v. Garland, 50 F.4th 207, 212 (1st Cir. 2022) (quoting Mazariegos-Paiz v. Holder, 734 F.3d 57, 64 (1st Cir. 2013)). The BIA's conclusions of law are reviewed de novo. Romilus v. Ashcroft, 385 F.3d 1, 5 (1st Cir. 2004).

To receive asylum, Martinez-Diaz must demonstrate that he is "unable or unwilling to return to" El Salvador because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42); see also 8 C.F.R. § 1208.13(a)-(b); I.N.S. v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987); Esteban-Garcia v. Garland, 94 F.4th 186, 191 (1st Cir. 2024). "Establishing persecution requires proof of three discrete elements: a threshold level of past or anticipated serious harm, a nexus between that harm and government action or inaction, and a causal connection to one of the five statutorily protected grounds," also often referred to as a nexus. Id. (quoting Sanchez-Vasquez v. Garland, 994 F.3d 40, 46 (1st Cir. 2021)). We focus, as did the BIA, on the last requirement.

"'To meet th[e] "nexus" requirement,' the petitioner must have provided 'sufficient evidence of an actual connection between the harm [he] suffered and [his] protected trait.'" Id. at 192 (cleaned up) (quoting Ivanov v. Holder, 736 F.3d 5, 12 (1st Cir. 2013)); See also Ramos-Gutierrez v. Garland, 110 F.4th 1, 6 (1st Cir. 2024). The petitioner "bear[s] the burden of establishing facts on which a reasonable person would fear that the danger arises on account of" a protected ground. Matter of Fuentes, 19 I & N Dec. 658, 662 (BIA 1988); see also Esteban-Garcia, 94 F.4th at 192; Ruiz-Escobar v. Sessions, 881 F.3d 252,

259 (1st Cir. 2018); Mendez-Barrera v. Holder, 602 F.3d 21, 27 (1st Cir. 2010) ("There must be evidence that the would-be persecutors knew of the [statutorily protected characteristic] and targeted the [petitioner] for that reason."); Barnica-Lopez v. Garland, 59 F.4th 520, 528 (1st Cir. 2023) (explaining that "the statutorily protected ground need not be the sole factor driving the alleged persecution" but it "cannot be 'incidental, tangential, superficial, or subordinate to another reason for [the] harm'" (alteration in original) (first quoting Loja-Tene v. Barr, 975 F.3d 27, 61 (1st Cir. 2020); then quoting Sanchez-Vasquez v. Garland, 994 F.3d 40, 47 (1st Cir. 2021))).

The IJ and the BIA found, based on Martinez-Diaz's own testimony, that the gang members' motivation for trying to recruit him was a desire to "increase their criminal enterprise." As the IJ noted, Martinez-Diaz "stated that the only reason he was targeted was because the gang members wanted him to join them" to help them in their criminal activities, in particular to help sell drugs. Martinez-Diaz does not identify any evidence in the record that would compel a finding that there was any other motive. As our caselaw makes clear, when gang members target individuals for recruitment in order to expand their criminal enterprise for the purpose of financial gain, they are not engaging in persecution on a protected ground. See Esteban-Garcia, 94 F.4th at 192 (upholding finding of no nexus where petitioner's "own statements" showed

- 8 -

that her alleged persecutors "had wanted her to become a prostitute and drug seller 'so that [they] could enjoy the money,'" and not on account of a protected ground); Sanchez v. Garland, 74 F.4th 1, 7 (1st Cir. 2023) ("The record contains substantial evidence to support the conclusion that financial gain, not family membership, was 'at the root of' the threats petitioners received."); Lopez-Lopez v. Sessions, 885 F.3d 49, 51 (1st Cir. 2018) (upholding finding of no nexus where petitioner's alleged persecutors had been "centrally motivated by a desire [for] profit"); Hernandez-Lima v. Lynch, 836 F.3d 109, 115 (1st Cir. 2016) (upholding BIA's conclusion that any harm was not on account of a protected ground because "Hernandez-Lima's relatives were victims of extortion by criminal gangs who sought money rather than to harm them because of their family membership"); Arévalo-Girón v. Holder, 667 F.3d 79, 83 (1st Cir. 2012) (rejecting argument that petitioner had been targeted on account of a particular social group where "greed -- not social group membership -- [wa]s the apparent trigger for the [alleged persecutors'] interest").[3]  Accordingly, we are

_____

[3]     Martinez-Diaz asserts for the first time on appeal that the IJ was required to consider whether he had established a "pattern or practice" of persecution on account of "membership in a particular social group . . . of young persons targeted for recruitment by the gangs in El Salvador."  See 8 C.F.R. § 208.13(b)(2)(iii)(A).   Martinez-Diaz did not present this argument to the IJ or to the BIA and thus cannot rely on this newly claimed ground now.  Jani v. Garland, 110 F.4th 30, 39 (1st Cir. 2024).  Although Martinez-Diaz did argue to the agency that he had been persecuted based on his family membership, because his

- 9 -

not persuaded by Martinez-Diaz's contention that the record compels a finding that he was persecuted on account of a protected ground.[4]

Because Martinez-Diaz failed to show that the record compels a finding of the requisite nexus between his alleged persecution and any statutorily protected ground, his claim for withholding of removal under 8 U.S.C. § 1231(b)(3) necessarily fails as well. "To petition successfully for withholding of removal, an alien must show that, if returned to his homeland, he would more likely than not be subjected to persecution on account of a statutorily protected ground." Amouri v. Holder, 572 F.3d 29, 35 (1st Cir. 2009); see also 8 C.F.R. § 1208.16(a), (b)(1)-(2). "[A] noncitizen who cannot meet the lower asylum standard will necessarily fail to make out a counterpart claim under the higher standard for withholding of removal." López-Pérez v. Garland, 26 F.4th 104, 111 (1st Cir. 2022).[5]

---

briefing to this court does not challenge the agency's determination of that issue, the argument has been waived. See United States v. Cheveres-Morales, 83 F.4th 34, 40 (1st Cir. 2023). Accordingly, we focus only on the BIA's nexus ruling.

[4] To the extent that Martinez-Diaz advances other arguments concerning the statutorily protected grounds claimed before the agency, we do not address them because the no-nexus determination is dispositive.

[5] With respect to Martinez-Diaz's request for relief under the CAT, we agree with the BIA that the claim was abandoned by his failure to challenge the IJ's denial of it.

The petition for review of the decision of the BIA is

**denied**.