# United States Court of Appeals
## For the First Circuit

No. 13-1922

DANNY EMANUEL GUERRA-MARCHORRO,

Petitioner,

v.

ERIC H. HOLDER, JR., ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE

BOARD OF IMMIGRATION APPEALS

Before

Lynch, Chief Judge,

Kayatta and Barron, Circuit Judges.

Randy Olen on brief for petitioner.
Ann Carroll Varnon, Office of Immigration Litigation, Civil Division, Department of Justice, Stuart F. Delery, Assistant Attorney General, and Nancy E. Friedman, Senior Litigation Counsel, on brief for respondent.

July 29, 2014

**BARRON, Circuit Judge.** Petitioner Danny Emanuel Guerra-Marchorro, a citizen of Guatemala, applied for asylum and withholding of removal in November of 2009. The Immigration Judge denied the application on a number of grounds in May of 2011, and the Board of Immigration Appeals affirmed summarily on July 5, 2013. Guerra now petitions for review of the Board's summary affirmance. Because we are reviewing a summary affirmance, we look to the underlying opinion of the Immigration Judge. Herbert v. Ashcroft, 325 F.3d 68, 71 (1st Cir. 2003). And because we conclude that the record provides sufficient support for a key factual finding the Immigration Judge made, we must deny the petition.

To secure relief, an asylum applicant must show he is "unable or unwilling" to return to his home country because of "persecution or a well-founded fear of persecution" that is "on account of" his "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Guerra seeks to make this showing on the basis of his testimony at his hearing before the Immigration Judge, and we accept that testimony because the Immigration Judge found it to be credible. Palma-Mazariegos v. Gonzales, 428 F.3d 30, 33 (1st Cir. 2005).

The testimony shows that Guerra's parents emigrated from Guatemala to the United States when Guerra was seven years old, that Guerra's parents left him to live with his grandparents, and

that in the years that followed Guerra had several frightening encounters with the Mara Salvatrucha gang. The testimony further shows that, over time, Guerra came to believe his grandparents could no longer keep him safe and that he left for the United States at the age of sixteen because he feared the gang would kill him.

The Immigration Judge found the evidence of the gang's threats and attacks serious but insufficient to support the statutorily required showing of "persecution." The Immigration Judge also ruled that the "social group" Guerra claimed to belong to -- "abandoned Guatemalan child[ren] lacking protection from gang violence" -- was not one the asylum statute recognized. Guerra challenges each of those conclusions on appeal, but we need not consider them. That is because we find sufficient record support for a further finding by the Immigration Judge that Guerra barely addresses in his brief -- namely, that Guerra failed to "establish a viable nexus" between the "persecution" he identifies and the "particular social group" to which he claims to belong.[1]

---

[1]Before the Immigration Judge, Guerra also asserted "persecution" on the basis of "political opinion," but he did not raise that issue before the Board of Immigration Appeals, and so we do not consider it. Ahmed v. Holder, 611 F.3d 90, 97 (1st Cir. 2010) (explaining that arguments not made before the Board "may not make their debut in a petition for judicial review"). The same is true of Guerra's claim for relief under the Convention Against Torture. Kho v. Keisler, 505 F.3d 50, 52 n.1 (1st Cir. 2007) (holding that the Court is without jurisdiction to consider a Convention Against Torture claim that was not pursued before the Board).

This "nexus" requirement arises from the language in the asylum statute that requires an applicant to show persecution "on account of" an enumerated ground. 8 U.S.C. § 1101(a)(42)(A) (emphasis added). To make that showing, the petitioner must "provide sufficient evidence to forge an actual connection between the harm and some statutorily protected ground." Hincapie v. Gonzales, 494 F.3d 213, 218 (1st Cir. 2007). The statutory ground need not have been the "sole motivation for the persecution," but the petitioner must provide "'evidence from which it is reasonable to believe that the harm was motivated [in part] by a protected ground.'" Sompotan v. Mukasey, 533 F.3d 63, 69-70 (1st Cir. 2008) (quoting In re S-P-, 21 I&N Dec. 486, 490 (BIA 1996)) (alteration in original). We have explained that, in general, "[e]vents that stem from personal disputes are . . . not enough to show the required nexus." Sompotan, 533 F.3d at 71; see also INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (individual claiming asylum on political opinion grounds must show persecution by guerrillas "because of that political opinion, rather than because of his refusal to fight with them").

Despite the importance of this "nexus" requirement, Guerra does not offer a satisfactory explanation of how he meets it. He does describe his reasons for fearing what the gang would do to him if he were to return to Guatemala. But he does not, either in his brief or in his testimony, directly state that the

-4-

gang has targeted him, or will target him, because of his claimed status as an "abandoned" child. Rather, to the extent Guerra's testimony addresses the gang's reasons for targeting him, it identifies motivations unrelated to that claimed status.

For example, Guerra claims at one point that the gang targeted him "because I knew [the gang members] and because I was dating the girlfriend of one of the gang members," but those are motivations unconnected to his purported status as an abandoned child. The same is true of Guerra's statements that the gang targeted him because he opposed the gang and refused to join it. And while Guerra recounts three specific and serious incidents in which gang members threatened or attacked him, his testimony does not show the gang members even knew his parents had emigrated. Instead, Guerra testified that these incidents convinced him that if he stayed in Guatemala, the gang members might kill him, "[b]ecause over there, the gangs, if you know they're gang members and you're not part of them, they kill you" -- a motivation for the gang's action that is again not tied to Guerra belonging to the claimed social group.

In light of this record, we have no basis to disturb the Immigration Judge's nexus finding, which is one of fact and thus must be reviewed under the "highly deferential" substantial evidence standard. Hincapie, 494 F.3d at 218. Applying that standard, we cannot overturn the finding because nothing in "the

record . . . compels the conclusion that" the alleged persecution is "because of" Guerra's membership in a claimed particular social group, rather than for some other reason. Elias-Zacarias, 502 U.S. at 483. Instead, the record shows that, at most, Guerra presented "no evidence other than his own speculation" to forge the statutorily required "link." Khalil v. Ashcroft, 337 F.3d 50, 55 (1st Cir. 2003); see also Sugiarto v. Holder, 586 F.3d 90, 95-96 (1st Cir. 2009) (holding that substantial evidence supported the BIA's finding of no nexus where record contained no evidence supporting petitioner's stated belief she had been targeted because of her religion).

This same analysis requires that we also deny Guerra's petition to review the Board's summary affirmance of the denial of his request for withholding of removal. That form of relief is available, in some circumstances, when an application for asylum would be barred. Compare 8 U.S.C. § 1231(b)(3)(A) (requirements for withholding of removal), with id. § 1158(a)(2) (exceptions to asylum eligibility). But applicants for such relief must still show that their "life or freedom would be threatened . . . because of" their connection to the "social group" to which they claim to belong. 8 U.S.C. § 1231(b)(3)(A). Thus, here, too, the Immigration Judge's factual finding about the lack of a nexus binds us.

Accordingly, we deny the petition for review.