# United States Court of Appeals

## For the First Circuit

No. 14-1970

JOSÉ MIGUEL MEJÍA-RAMAJA,

Petitioner,

v.

LORETTA E. LYNCH,*
ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Selya and Lynch,
Circuit Judges.

Randy Olen on brief for petitioner.
Benjamin C. Mizer, Principal Deputy Assistant Attorney
General, Civil Division, United States Department of Justice,
Jesse M. Bless, Senior Litigation Counsel, Office of Immigration
Litigation, and Alexander J. Lutz, Trial Attorney, Office of
Immigration Litigation, on brief for respondent.

November 20, 2015

*Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Loretta E. Lynch has been substituted for former Attorney General Eric H. Holder, Jr. as the respondent.

**SELYA**, <u>Circuit Judge</u>.  The sole issue in this immigration case is whether the Board of Immigration Appeals (BIA) abused its discretion in declining to reopen the petitioner's removal proceedings.  After careful consideration, we conclude that the BIA acted well within the realm of its discretion.  Accordingly, we deny the petition for judicial review.

We briefly rehearse the travel of the case.  The petitioner, José Miguel Mejía-Ramaja, is a Guatemalan national.  He entered the United States without inspection in 2003.  Roughly two years later, federal authorities instituted removal proceedings against him.  <u>See</u> 8 U.S.C. § 1182(a)(6)(A)(i).

The petitioner conceded removability and cross-applied for withholding of removal and protection under the United Nations Convention Against Torture (CAT).  Following an evidentiary hearing held on December 22, 2010, the Immigration Judge (IJ) denied the petitioner's cross-applications and ordered him removed to Guatemala.

The petitioner appealed to the BIA.  After full briefing, the BIA denied his appeal on February 26, 2013.  Judicial review was not sought, and the order for removal became final.

More than a year elapsed.  Then — on March 31, 2014 — the petitioner filed a motion to reopen his removal proceedings.  In his motion papers, he alleged in substance that country conditions in his homeland had changed for the worse and that he

had new evidence to submit in support of his applications for withholding of removal and CAT protection.

On August 19, 2014, the BIA denied the motion to reopen. It held that the motion was untimely and that, in all events, the petitioner had not made a sufficient showing to warrant reopening the removal proceedings. This timely petition for judicial review ensued.

We review the BIA's denial of a motion to reopen removal proceedings for abuse of discretion. See Kucana v. Holder, 558 U.S. 233, 242 (2010); Xue Su Wang v. Holder, 750 F.3d 87, 89 (1st Cir. 2014). We conclude, without serious question, that the BIA's assessment of the timeliness of the motion to reopen in this case was not an abuse of discretion.

Normally, a motion to reopen immigration proceedings must be filed within 90 days of the entry of the final order of removal. See Meng Hua Wan v. Holder, 776 F.3d 52, 56 (1st Cir. 2015); 8 C.F.R. § 1003.2(c)(2). The petitioner's motion was filed well past this 90-day limit. But there is an exception open to an alien (like the petitioner) who has applied, inter alia, for withholding of removal. This exception is available when the motion to reopen is "based on changed circumstances arising in . . . the country to which deportation has been ordered." 8 C.F.R. § 1003.2(c)(3)(ii).

To invoke this exception, the alien must adduce new and material evidence that was not, in the exercise of reasonable diligence, available at the time of his original removal hearing. See Perez v. Holder, 740 F.3d 57, 62 (1st Cir. 2014); 8 C.F.R. § 1003.2(c)(3)(ii). The petitioner labors to mitigate the lateness of his motion by invoking this exception. The BIA found this effort unavailing and, thus, found the exception inapplicable. We agree.

As we have said, an alien seeking to reopen removal proceedings on the ground of changed country conditions must point to new and material evidence — "evidence that was not available at the original merits hearing." Perez, 740 F.3d at 62; see Sugiarto v. Holder, 761 F.3d 102, 103 (1st Cir. 2014). "In determining if evidence submitted in support of a motion to reopen demonstrates a material change in country conditions justifying reopening of proceedings, the . . . [BIA] compares the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." Haizem Liu v. Holder, 727 F.3d 53, 57 (1st Cir. 2013) (citing In re S-Y-G-, 24 I.&N. Dec. 247, 253 (BIA 2007)). If the evidence reveals no more than a continuation of previously existing conditions, the evidence is inadequate to show changed country conditions. See Sugiarto, 761 F.3d at 104; Fen Tjong Lie v. Holder, 729 F.3d 28, 31 (1st Cir. 2013).

In this case, the relevant period spans the interval from December 22, 2010 (the date of the petitioner's merits hearing) to March 31, 2014 (the date when petitioner filed his motion to reopen). At the merits hearing, the IJ referred to a State Department report of country conditions in 2009 (the latest such report that was then available). The petitioner does not contend that the 2013 country conditions report reflects any material change in those conditions. Nor could he: while the 2013 report paints an unattractive picture of life in Guatemala, that picture shows nothing more than a continuation of the pattern of negative conditions — including rampant crime, poorly controlled violence, and police corruption — that has plagued Guatemala for several years. The 2009 report and the other evidence adduced at the petitioner's 2010 removal hearing painted much the same picture.[1] That conditions have failed to improve is not enough to show that they have changed. See Sugiarto, 761 F.3d at 104.

In an endeavor to alter the trajectory of the debate, the petitioner avers that, in 2013, a gas station in Guatemala that he and his brothers owned was attacked; masked men armed with

_____

[1] For example, at the 2010 removal hearing, the petitioner submitted a working paper describing Guatemala as "a vicious state of nature," which was "wracked by some of the worst crime rates in the world" and where "security forces are unable to staunch a tide of criminal violence." This is not materially different from the Guatemala portrayed in submissions accompanying the petitioner's motion to reopen.

high-powered firearms entered the premises and shot three people (killing one). The marauders proceeded to steal money and property. The petitioner argues that his account of the attack is new and material evidence that manifests changed country conditions.

This argument lacks force. In contrast to the cases that the petitioner cites (in which specific incidents were indicative of a broader conclusion that country conditions had deteriorated),[2] the robbery at the gas station was merely one more ugly episode in a continuing pattern of crime and violence that has existed in Guatemala for several years. Consequently, the BIA did not abuse its discretion by denying the petitioner's motion to reopen as untimely. See 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3)(ii); see also Jutus v. Holder, 723 F.3d 105, 110 (1st Cir. 2013).

As a fallback, the petitioner submits that the BIA applied the wrong legal standard in refusing to reopen his case. But that argument, as phrased, does not go to the timeliness of the motion but, rather, to the merits. Inasmuch as we have determined that the BIA's decision to deny the motion as untimely was not an abuse of discretion, we need not reach the BIA's

---

[2] See, e.g., Smith v. Holder, 627 F.3d 427, 431-32 (1st Cir. 2010); Malty v. Ashcroft, 381 F.3d 942, 946 (9th Cir. 2004); Ananeh-Firempong v. INS, 766 F.2d 621, 626 (1st Cir. 1985).

additional holding concerning the merits of the motion.  See Perez, 740 F.3d at 62; Jutus, 723 F.3d at 110.  It is, therefore, irrelevant whether the BIA used the appropriate legal standard in appraising the merits of the motion to reopen.

We need go no further.  For the reasons elucidated above, the petition for judicial review is denied.


**So Ordered.**