**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

---

No. 14-1075

BERNICE SARPONG,

Petitioner,

v.

LORETTA E. LYNCH,[*]
Attorney General of the United States,

Respondent.

---

PETITION FOR REVIEW FROM AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

---

Before

Lynch, Selya, and Lipez,
Circuit Judges.

---

Olakunle J. Taiwo on brief for petitioner.
Stuart F. Delery, Assistant Attorney General, Civil Division,
Anthony W. Norwood, Senior Litigation Counsel, Office of
Immigration Litigation, and Lisa Morinelli, Trial Attorney, Office
of Immigration Litigation, on brief for respondent.

---

May 26, 2015

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2),
Attorney General Loretta E. Lynch is substituted for former
Attorney General Eric H. Holder, Jr., as the respondent.

**LIPEZ, Circuit Judge.** Petitioner Bernice Sarpong, a native and citizen of Ghana, seeks judicial review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from an Immigration Judge's ("IJ") denial of her applications for withholding of removal and protection under the Convention Against Torture ("CAT"). Concluding that the agency's decision is supported by substantial evidence, we deny the petition.

## I.

We briefly summarize petitioner's account, set forth the procedural history of this petition for judicial review, and describe the legal framework applicable to it. In 2001, petitioner's pastor sent her, along with other church members, to the villages surrounding the city of Kumasi to work with homeless girls. While there, she counseled local girls to help them avoid being drawn into prostitution or the drug trade. A local criminal gang perceived this as a threat, and warned that petitioner would be harmed if she continued to interfere with its prostitution and drug business. When she did not relent, the gang began a series of violent attacks and threats on petitioner, continuing from 2002 until she left Ghana in 2006. These included a violent beating in January 2002, a kidnapping that April, and an attack that June in which petitioner was gang raped and forcibly circumcised.

- 2 -

Petitioner entered the United States lawfully in 2006, but was charged with removability in 2009 based on overstaying her non-immigrant visa. Conceding removability, and having missed the deadline to apply for asylum, she applied for withholding of removal pursuant to 8 U.S.C. § 1231(b)(3), and protection under the CAT.

To succeed on either claim for relief, petitioner had to establish a likelihood that she would be harmed if she returned to Ghana.[1] Specifically, with regard to withholding of removal, petitioner had to show that her "life or freedom would be threatened." Costa v. Holder, 733 F.3d 13, 16 (1st Cir. 2013) (quoting 8 U.S.C. § 1231(b)(3)(A)). To prevail on her CAT claim, she had the burden of showing that she would "more likely than not . . . be tortured." Id. at 17.

After an evidentiary hearing, the IJ found petitioner's testimony to be incredible based on inconsistencies between her oral testimony and her written statement. The IJ also determined that petitioner provided insufficient corroboration for her

---

[1] Because we uphold the agency's determination that petitioner failed to establish a likelihood of harm, her claims necessarily fail, and we need not address the other elements of each claim. See, e.g., Guerra-Marchorro v. Holder, 760 F.3d 126, 128 (1st Cir. 2014).

account.  The IJ accordingly denied petitioner's application for relief.  The BIA dismissed her appeal in a separate opinion.  Though it conducted its own analysis, the BIA agreed with the IJ that petitioner's testimonial inconsistencies justified an adverse credibility determination, and that she failed to provide necessary corroboration.

Petitioner argues that the BIA erred in finding that she failed to meet her burden to establish a likelihood of harm.  She asserts that any inconsistencies in her account were immaterial, and that the BIA failed to consider the totality of the circumstances as required by law.

Where, as here, the BIA "does not summarily adopt the IJ's decision," Sou v. Gonzales, 450 F.3d 1, 6 (1st Cir. 2006), or "defer[] to or adopt[] the IJ's reasons," Hernandez-Barrera v. Ashcroft, 373 F.3d 9, 20 (1st Cir. 2004), we review the BIA's decision alone.  See Halo v. Gonzales, 419 F.3d 15, 18-20 (1st Cir. 2005).  An independent decision by the BIA "is the final administrative order reviewed by the court."  Sou, 450 F.3d at 6.

We consider whether the agency's conclusions, including its findings on credibility and the failure to provide corroborating evidence, are supported by substantial evidence in the administrative record.  See Jianli Chen v. Holder, 703 F.3d

- 4 -

17, 21 (1st Cir. 2012); Balachandran v. Holder, 566 F.3d 269, 273 (1st Cir. 2009); 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").  We review interpretations of law de novo, "but with some deference to the agency's reasonable interpretation of statutes and regulations that fall within its sphere of authority."  Jianli Chen, 703 F.3d at 21.

Applicants for withholding of removal, or protection under the CAT, bear the burden of proving that they merit such relief.  Soeung v. Holder, 677 F.3d 484, 487 (1st Cir. 2012); 8 U.S.C. § 1229a(c)(4)(A); 8 C.F.R. § 1208.16(b), (c)(2).  An IJ may grant relief based on the applicant's testimony alone, if it is deemed credible.  8 C.F.R. § 1208.16(b), (c)(2); see Soeung, 677 F.3d at 487; 8 U.S.C. § 1229a(c)(4)(B).  In evaluating credibility, an IJ "[c]onsider[s] the totality of the circumstances, and all relevant factors," and "may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . the inherent plausibility of the applicant's . . . account, the consistency between the applicant's . . . written and oral statements . . . the internal consistency of each such statement . . . or any other relevant factor."  8 U.S.C. § 1229a(c)(4)(C)

(as amended by the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 302 (2005)).

Credible testimony is not always sufficient, however. Even where an applicant's testimony is "otherwise credible," an IJ may "determine[] that the applicant should provide" corroborating evidence, or a "demonstrat[ion] that [she] does not have the evidence and cannot reasonably obtain [it]." Id. § 1229a(c)(4)(B); see Soeung, 677 F.3d at 488. Where an IJ explicitly finds that "it was reasonable to expect the applicant to produce corroboration" and "the applicant's failure to do so was not adequately explained," an application for relief may be dismissed. Soeung, 677 F.3d at 488; accord Chhay v. Mukasey, 540 F.3d 1, 6-7 (1st Cir. 2008). Such a finding is entitled to special deference under the REAL ID Act. 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence, as described in . . . [§] 1229a(c)(4)(B) . . . unless the court finds, pursuant to [§ 1252(b)(4)(B)], that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.").

## A. Adverse Credibility Determination

The BIA points to discrepancies between petitioner's written statement and her testimony about the kidnapping in April 2002. Petitioner wrote in her statement that she was kidnapped at about midnight, driven to an "up market suburb" the next morning, brought to meet the "boss" of the gang that evening, and left beside a dirt road blindfolded and handcuffed all night before being rescued. At the hearing, however, she testified that she was kidnapped around 8 or 9 PM, blindfolded the entire time she was in the car, brought to meet the boss in the morning, and eventually released without a blindfold.

The BIA also noted that petitioner wrote in her statement that her father had been killed by the same criminal gang that attacked her, but at her hearing she testified that her family had not been harmed.

These inconsistencies between petitioner's written statement and hearing testimony, in the aggregate, provide adequate support for an adverse credibility determination. See id. § 1229a(c)(4)(C). We cannot say that "any reasonable adjudicator would be compelled to conclude to the contrary." Id. § 1252(b)(4)(B). Further, we find no merit in petitioner's

argument that the BIA failed to consider "the totality of the circumstances, and all relevant factors" in judging her credibility. Id. § 1229a(c)(4)(C). She points to no specific factor weighing in her favor that was ignored, and we have found none.

## B. Failure of Corroboration

Petitioner offered little evidence beyond her own written statement and testimony.[2] She added a one-page statement from her mother in support of her petition, but it was not made part of the administrative record, and in any event it is so vague that its value as corroboration would have been limited.[3] Indeed, nearly every key element of petitioner's story was undermined by a lack of corroborating evidence where such evidence could have reasonably been expected. For example, these alleged events are central to her claim of likelihood of harm:

---

[2] Specifically, she submitted copies of her passport, birth certificate and marriage certificate, and background materials on Ghana, including a State Department report on human rights practices.

[3] The statement affirms, in cursory fashion, that petitioner preached in the slums of Kumasi and was threatened and raped by the same gang that had murdered her father. Petitioner informed the IJ of the existence of her mother's statement during the hearing, but her own counsel explained that it was "not submitted" because "[i]t was just faxed to us and it's not really too clear."

- She suffered attacks at the hands of the gang, including an attack on a church compound in January and her kidnapping in April 2002, all in the presence of witnesses.

- She was sexually assaulted in June 2002, after which she informed the police, her doctors, her pastor, and members of her family.

- She received threats throughout her time at the University of Ghana, including men approaching her roommates and leaving notes on her door and inside her dorm room.

- She received hospital treatment after being beaten in January 2002, and again after her brutal sexual assault that June, and later visited her aunt in the United States in order to seek treatment for "insomnia, depression, ulcers, anxiety and recurring suicidal thoughts."

Given the nature of these events, it would be reasonable to expect her to present statements from witnesses such as church members, police, doctors, her family, or her university roommates. The same goes for documentary evidence, such as police reports, copies of the threatening notes, or records of her medical treatment in Ghana. See Raghunathan v. Holder, 604 F.3d 371, 380 (7th Cir. 2010) (finding no error where an IJ demanded an explanation for the failure to provide medical records corroborating petitioner's claim that he received treatment for his injuries at a hospital); In re S-M-J-, 21 I. & N. Dec. 722,

- 9 -

725 (BIA 1997) ("[A]n asylum applicant should provide documentary support for material facts which are central to his or her claim and easily subject to verification, such as . . . documentation of medical treatment."). If records from Ghana were unavailable, petitioner could have provided documentation from a physician in the United States confirming that she suffered the injuries she claims. No such corroboration was forthcoming, nor did petitioner provide a satisfactory explanation of why none was reasonably available.

Hence, the BIA reasonably determined that evidence should have been provided to corroborate that these events actually took place, and there is no basis for setting aside its judgment.

**III.**

The conclusions of the BIA are supported by substantial evidence in the record. We may not disturb its reasonable determination that petitioner failed to carry her burden to show a likelihood of harm if she returned to Ghana. We therefore <u>deny</u> the petition.