# United States Court of Appeals
## For the First Circuit

No. 16-1260

CLAUDIA MILENA GIRALDO-PABON,

Petitioner,

v.

LORETTA E. LYNCH,
United States Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Howard, Chief Judge,
Selya and Lipez, Circuit Judges.

Elyssa N. Williams on brief for petitioner.
Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division, Holly M. Smith, Senior Litigation Counsel, Office of Immigration Litigation, and John F. Stanton, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Dep't of Justice, on brief for respondent.

October 21, 2016

**HOWARD**, <u>**Chief Judge**</u>.  Petitioner Claudia Milena Giraldo-Pabon ("Giraldo"), a native and citizen of Colombia, asks us to review a Board of Immigration Appeals ("BIA") order denying her motion to reopen.  After careful consideration of the briefs and the record, we deny her petition.

## I.

Having previously entered this country without inspection and later returned to Colombia, Giraldo entered the United States unlawfully in 2004 and was subsequently served with a Notice to Appear charging her as removable pursuant to Immigration and Nationality Act §§ 212(a)(6)(C)(i) and 212(a)(7)(A)(i)(I).[1]  In response, Giraldo sought asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT").  Her claims were denied, yet she did not appeal the immigration judge's ("IJ") decision to the BIA.  Instead, Giraldo voluntarily returned to Colombia.[2]

Giraldo re-entered the United States in 2013 and filed a motion to reopen removal proceedings in August 2014.  She

---

[1] Giraldo attempted to enter the United States using an altered Colombian passport bearing her photograph and the name "Sugen Cure Perez" and containing an altered United States B-1/B-2 nonimmigrant visa.

[2] In 2011, Giraldo traveled to Canada, where she requested refugee status.  Following denial of her application, she returned to Colombia.  She was in Colombia for less than a month before returning to the United States.

- 2 -

submitted evidence of drug gang-related acts of violence against two of her cousins in Colombia in support of her motion.

The IJ denied Giraldo's motion to reopen on two grounds, one of which was that Giraldo had failed to establish an exception to the time limitations on motions to reopen. The BIA affirmed the IJ's decision on this basis. Giraldo filed this timely petition seeking review of the BIA's decision.

## II.

Where, as here, the BIA issues a decision adopting and illuminating some of an IJ's findings and conclusions, we treat the relevant parts of the two decisions as one for purposes of review. See Wan v. Holder, 776 F.3d 52, 55-56 (1st Cir. 2015). We review the agency's denial of a motion to reopen removal proceedings for abuse of discretion. Mejia-Ramaja v. Lynch, 806 F.3d 19, 20 (1st Cir. 2015). Under this standard, we must uphold the BIA's decision unless Giraldo can show "that the BIA committed an error of law or exercised its judgment in an arbitrary, capricious, or irrational way." Tandayu v. Mukasey, 521 F.3d 97, 100 (1st Cir. 2008) (quoting Raza v. Gonzales, 484 F.3d 125, 127 (1st Cir. 2007)).

Normally, a motion to reopen immigration proceedings must be filed within 90 days of the entry of the final order of removal. 8 C.F.R. § 1003.2(c)(2). Giraldo's motion was filed well past — in fact, years past — this 90-day limit. There is,

- 3 -

however, an exception available when the motion to reopen is "based on changed circumstances arising in . . . the country to which deportation has been ordered." 8 C.F.R. § 1003.2(c)(3)(ii). Giraldo seeks to overcome the lateness of her motion by invoking this exception. We agree with the BIA that the exception is inapplicable. See Mejia-Ramaja, 806 F.3d at 21.

Two related but distinct questions are on the table when an untimely motion to reopen has been filed: first, whether the petitioner has presented sufficient evidence of changed country conditions to permit her to file a tardy motion to reopen; and second, whether the new evidence that the petitioner has presented, together with evidence already in the record, shows that she has a reasonable likelihood of prevailing on her asylum, withholding of removal, or CAT claims. Smith v. Holder, 627 F.3d 427, 433 (1st Cir. 2010). The agency may deny a petition if it determines that the movant has failed to meet either of those requirements. Id. In Giraldo's case, the BIA concluded that she had not made out a prima facie case for any of the forms of relief sought.

To establish eligibility for asylum, an applicant must prove either past persecution or a well-founded fear of future persecution if repatriated, on account of one of five enumerated grounds: race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. § 1101(a)(42)(A). To make out a prima facie case for asylum in the context of a

- 4 -

motion to reopen, the "applicant need only produce objective evidence showing a 'reasonable likelihood' that [she] will face future persecution based on a statutory ground." Smith, 627 F.3d at 437 (internal quotation marks omitted). A "reasonable likelihood" means a showing that there is a realistic chance that the petitioner can establish that asylum should be granted at a later time. Id.

Giraldo argues that she is eligible for asylum because she has a well-founded fear of future persecution based on kinship ties and imputed political opinion.[3] Essentially, she asserts that her safety and security in Colombia are jeopardized by her extended family's ongoing involvement in a narco-trafficking cartel.

It is true that one's family can constitute a protected social group. See Aldana-Ramos v. Holder, 757 F.3d 9, 15 (1st Cir. 2014) ("The law in this circuit and others is clear that a family may be a particular social group simply by virtue of its kinship ties, without requiring anything more."). However, the BIA did not find that Giraldo failed to establish membership in a particular social group; rather, it determined that she failed to show that she could establish the necessary nexus between the feared persecution and

---

[3] Below, Giraldo sought asylum or withholding of removal on the basis of her religion, political opinion, or membership in a particular social group. She has not addressed religion on appeal, and this claim is deemed abandoned. See Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 351 n.2 (1st Cir. 1992).

her group membership.  There was no abuse of discretion in that determination.

To satisfy the nexus requirement, an asylum applicant must "provide sufficient evidence to forge an actual connection between the harm and some statutorily protected ground."  Lopez de Hincapie v. Gonzales, 494 F.3d 213, 218 (1st Cir. 2007).  The BIA did not abuse its discretion when it concluded that Giraldo failed to satisfy this requirement.  Giraldo cites little in the way of nexus evidence other than her uncle's admonition "not to go out too often" after a cousin's murder and her own belief that another cousin was stabbed because of other family members' involvement in narco-trafficking.  Cf. Guerra-Marchorro v. Holder, 760 F.3d 126, 128-29 (1st Cir. 2014) (substantial evidence supported conclusion that there was no nexus between alleged harm and a protected ground when petitioner "presented no evidence other than his own speculation to forge the statutorily required link" (internal quotation marks omitted)); Lopez-Castro v. Holder, 577 F.3d 49, 53 (1st Cir. 2009) ("Without knowing who was responsible for the killings [of alien's family members] or what had prompted them, there is no more than a guess that a nexus existed between the deaths and a statutorily protected ground.").

As for Giraldo's argument that she would face harm on account of her political opinions, that too fails.  The only remotely political activities that she cites are starting a prayer

group with still another cousin — who has apparently not been harmed — and "helping people in social projects."  Giraldo also claims to be "vocal[ly] oppos[ed] to criminal enterprises."  Yet, mere opposition to crime, without more, does not constitute a political opinion.  Cf. Mayorga-Vidal v. Holder, 675 F.3d 9, 18 (1st Cir. 2012) (opposition to gangs, without more, is not a political opinion).  Thus, the BIA did not abuse its discretion in denying this claim.

Because Giraldo has failed to carry the burden of persuasion for the asylum claim, her counterpart claim for withholding also necessarily fails.  See Villa-Londono v. Holder, 600 F.3d 21, 24 n.1 (1st Cir. 2010).

Finally, in her brief to this court, Giraldo referred to her CAT claim in only a perfunctory manner.  For this reason, she has abandoned that claim.  See, e.g., Segran v. Mukasey, 511 F.3d 1, 7 & n.2 (1st Cir. 2007).

## III.

For the foregoing reasons, we deny Giraldo's petition for review.