# United States Court of Appeals
## For the First Circuit

No. 19-2230

CLEMENTINO MARQUEZ-PAZ,

Petitioner,

v.

WILLIAM P. BARR,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Kayatta, Boudin, and Barron,
<u>Circuit Judges</u>.

Daniel T. Welch and MacMurry & Associates on brief for petitioner.
Joseph H. Hunt, Assistant Attorney General, Civil Division, Carl E. McIntyre, Assistant Director, Office of Immigration Litigation, and Virginia Lum, Trial Attorney, Civil Division Office of Immigration Litigation, on brief for respondent.

December 18, 2020

**BOUDIN, Circuit Judge.** Clementino Marquez-Paz petitions this court to review a Board of Immigration Appeals ("BIA") decision denying his applications for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT").

Marquez-Paz fled his native Honduras in 2014, after an unidentified man repeatedly offered him a job selling cocaine. He believes the man targeted him because he had recently sold a parcel of land worth approximately $25,000. When Marquez-Paz delayed, the man threatened him and his family with death and flashed a gun at him.

Marquez-Paz pretended to accept the offer, but soon after, he left the country, entering the United States without inspection in May of 2014. The Department of Homeland Security initiated removal proceedings against him. Before an Immigration Judge ("IJ"), Marquez-Paz conceded removability but cross-applied for asylum, withholding of removal, and protection under CAT.

The IJ determined that his claim for asylum was time-barred; denied withholding of removal on the ground that he failed to show "persecution" or a nexus between the alleged persecution and a statutorily protected ground; and dismissed his petition for CAT relief because he had not shown any governmental involvement in the feared harm. The BIA affirmed the IJ's decision.

Marquez-Paz's brief challenges only the findings that he suffered no persecution and that any alleged persecution was not caused by his membership in the particular social group of "Honduran landowners." His arguments as to asylum and protection under CAT are therefore waived. United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). We review the agency's factual findings under the substantial evidence standard, meaning we accept the findings unless the record compels a contrary conclusion. Ruiz-Escobar v. Sessions, 881 F.3d 252, 259 (1st Cir. 2018).

To gain withholding of removal, Marquez-Paz must show a clear probability that he would be persecuted in his home country on account of his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(A); Morgan v. Holder, 634 F.3d 53, 60 (1st Cir. 2011). Even if we concluded that Marquez-Paz established a clear probability of persecution, his claim would fail because he did not prove a nexus between the alleged persecution and a statutorily protected ground (in his case, membership in his proposed particular social group of "Honduran landowners"[1]).

Though the statutory ground need not be the only reason for the alleged persecution, Marquez-Paz must provide some

---

[1] We assume without deciding that "Honduran landowners" are a valid particular social group.

evidence that it was "one central reason." Costa v. Holder, 733 F.3d 13, 16 (1st Cir. 2013) (quoting 8 U.S.C. § 1158(b)(1)(B)(i)). Marquez-Paz testified before the IJ that he believed he was targeted because he had some money available after selling a tract of land. However, his speculation is insufficient to establish the required nexus, Guerra-Marchorro v. Holder, 760 F.3d 126, 129-30 (1st Cir. 2014), and Marquez-Paz was unable to provide other evidence to support his claim. In fact, Marquez-Paz testified that the man who threatened him never asked him for money, he did not know how the man might have learned of the sale, and his family has remained in Honduras undisturbed. And although he argues that it was generally known that his family owned land and that gangs in Honduras sometimes force landowners off their property, the record does not compel a finding that that was the motive in this case.

The petition for review is **denied**.